DOSS, APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

[Cite as *Doss v. State,* 135 Ohio St.3d 211, 2012-Ohio-5678.]

*Wrongful imprisonment—R.C. 2743.48—Claimant in common pleas court cannot be declared eligible for compensation in Court of Claims unless claimant has affirmatively demonstrated that he is actually innocent of charges for which he was imprisoned—Acquittal or finding of legal insufficiency of evidence is not enough to establish actual innocence.*

(No. 2012-0162—Submitted September 26, 2012—Decided December 6, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96452, 2011-Ohio-6429.

_____

**SYLLABUS OF THE COURT**

1. One who claims to be a "wrongfully imprisoned individual" under R.C. 2743.48 must prove all of the factors in R.C. 2743.48(A) by a preponderance of the evidence before seeking compensation from the state for wrongful imprisonment.

2. A trial court adjudicating proof of innocence pursuant to R.C. 2743.48(A)(5) may not find that the claimant was wrongfully imprisoned based solely on an appellate court judgment vacating a felony conviction due to insufficient evidence and discharging the prisoner without a remand for a new trial.

_____

**LANZINGER, J.**

{¶ 1} In this case, we determine that Iran Doss is not entitled to summary judgment that he is a "wrongfully imprisoned individual" eligible to sue the state for compensation pursuant to R.C. 2743.48 based solely on the appellate court's

decision to reverse and vacate his conviction and order his immediate release from prison. We therefore reverse the judgment of the court of appeals and remand to the trial court for further proceedings.

I. Background

{¶ 2} Appellee, Iran Doss, was convicted by a jury in 2006 of one count of rape and one count of kidnapping. He was classified as a sexually oriented offender, sentenced to four years in prison, and ordered to pay restitution and a fine.

{¶ 3} On appeal, Doss challenged his rape and kidnapping convictions on several grounds, including a challenge to the evidence that the alleged victim's ability to consent was substantially impaired due to a mental or physical condition and that Doss knew of that substantial impairment. The Eighth District, in a two-to-one decision, concluded that there was sufficient evidence to support a finding that the other party's capacity to consent was substantially impaired and that Doss knew (or had reason to know) of the substantial impairment. *State v. Doss,* 8th Dist. No. 88443, 2007-Ohio-6483 (*"Doss I"*).

{¶ 4} Upon reconsideration, a split panel vacated both the kidnapping and the rape convictions. *State v. Doss,* 8th Dist. No. 88443, 2008-Ohio-449 (*"Doss II"*). The *Doss II* majority held that the state failed to present sufficient evidence showing that Doss knew or had reason to know that the alleged victim's ability to consent was substantially impaired. *Id.* at ¶ 21-23. The court vacated the convictions and ordered Doss discharged from prison.

{¶ 5} The state appealed the vacation of the rape conviction, but we declined review. *State v. Doss,* 118 Ohio St.3d 1507, 2008-Ohio-3369, 889 N.E.2d 1025. After his release, Doss filed an action for declaratory judgment pursuant to R.C. 2743.48 in the Cuyahoga County Court of Common Pleas, seeking compensation from the state for wrongful imprisonment. On July 2, 2010, he filed a motion for summary judgment, citing the decision in *Doss II.*

The motion, which contained no attachments or exhibits, was two and a half pages long and cited only the appellate judgment in *Doss II* as a basis for finding eligibility. The state opposed the motion for summary judgment, offering the transcripts from the criminal trial to show that there were issues of fact and arguing that Doss had failed to establish his innocence by a preponderance of the evidence.

{¶ 6} The trial court granted Doss's motion for summary judgment for the following reason: "The court of appeals' decision to reverse and vacate plaintiff Doss's conviction and order his immediate release can only be interpreted to mean that either plaintiff Doss was innocent of the charges upon which he was convicted, or that no crime was committed by plaintiff Doss, or both."

{¶ 7} The court of appeals affirmed the grant of summary judgment, in yet another two-to-one decision. *Doss v. State,* 8th Dist. No. 96452, 2011-Ohio-6429 ("*Doss III*"). The majority reiterated that its review of the record in *Doss II* had revealed that Doss's statement was the only evidence of the alleged victim's mental condition and that the state had presented no evidence that Doss knew, or should have known, that the alleged victim's ability to resist or consent was substantially impaired because of voluntary intoxication. *Id.* at ¶ 15. The court of appeals found no genuine issue of fact and no error in the trial court's entry of summary judgment.

{¶ 8} The dissenting judge stated,

> Our holding in [*Doss II*] does not mean that Doss is innocent— merely that, based upon the evidence the state presented, Doss's guilt could not be established beyond a reasonable doubt. The same cannot automatically be said of whether Doss can show by a preponderance of the evidence that he did not know or reasonably should not have known of the victim's incapacity.

3

*Id.* at ¶ 21 (Celebrezze, J., dissenting).

{¶ 9} We accepted jurisdiction to address the state's propositions of law: (1) "A trial court adjudicating a contested claim of innocence may not grant summary judgment in favor of a former inmate based solely on an appeals court finding that a criminal conviction was not supported by sufficient evidence" and (2) "Under R.C. 2743.48 an inmate must prove actual innocence by a preponderance of the evidence, which is a separate and distinct legal standard than whether [sic] the evidence in a criminal case is sufficient to convict a person beyond a reasonable doubt." *See Doss v. State,* 131 Ohio St.3d 1498, 2012-Ohio-1501, 964 N.E.2d 439.

## II. Analysis

{¶ 10} The General Assembly has developed a two-step process to compensate those who have been wrongfully imprisoned. The first step is an action in the common pleas court seeking a preliminary factual determination of wrongful imprisonment; the second step is an action in the Court of Claims to recover money damages. *Griffith v. Cleveland,* 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, paragraph two of the syllabus. The wrongful-imprisonment statute, R.C. 2743.48, was added to the Revised Code in 1986 by Sub.H.B. No. 609 "to authorize civil actions against the state, for specified monetary amounts, in the Court of Claims by certain wrongfully imprisoned individuals." 141 Ohio Laws, Part III, 5351. The statute was designed to replace the former practice of compensating those wrongfully imprisoned by ad hoc moral-claims legislation. *Walden v. State,* 47 Ohio St.3d 47, 49, 547 N.E.2d 962 (1989). Under the statutory scheme, a claimant must be determined to be a "wrongfully imprisoned individual" by the court of common pleas before being permitted to file for compensation against the state of Ohio in the Court of

Claims. R.C. 2305.02 and 2743.48(B)(2); *Griffith v. Cleveland,* paragraph two of the syllabus.

*The Wrongful-Imprisonment Statute*

{¶ 11} R.C. 2743.48 provides:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the

county where the underlying criminal action was initiated *that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.*

(Emphasis added.)

**{¶ 12}** Thus, a plaintiff in a civil case for wrongful imprisonment must first prove that he or she is a "wrongfully imprisoned individual." In this case, proof of the factors in R.C. 2743.48(A)(1) through (4) is undisputed. Doss was convicted of a felony to which he did not plead guilty, he was sentenced to a prison term, his conviction was vacated upon appeal, and he is not subject to further charges. The fifth factor of R.C. 2743.48(A) may be fulfilled in one of two ways: (1) subsequent to sentencing and during or subsequent to imprisonment, "an error in procedure resulted in the individual's release" or (2) the charged offense (and any lesser included offense) was not committed by the individual or no crime was committed at all (actual innocence). R.C. 2743.48(A)(5).

**{¶ 13}** This court's decision in *Walden v. State,* 47 Ohio St.3d 47, 547 N.E.2d 962, precludes a claimant from relying solely on a judgment of acquittal to establish actual innocence. In *Walden*, the state appealed determinations of wrongful imprisonment for two individuals. One of them, Linda Walden, had been acquitted of murder. When she sought a determination that she had been wrongfully imprisoned, the trial court granted summary judgment in her favor, reasoning that the judgment of acquittal precluded the state from contesting her innocence. The state's appeal was consolidated with its appeal in the case of Nathaniel Ellis. Ellis had been convicted of felonious assault, but the court of appeals reversed and remanded for a new trial. On retrial, Ellis was acquitted by a general verdict, after which he sought a determination that he was a wrongfully

6

imprisoned individual. The trial court held that Ellis was entitled to compensation. In nearly identical opinions released on the same day, the court of appeals held that the two defendants were entitled to compensation for wrongful imprisonment.

{¶ 14} In construing a former version of R.C. 2743.48(A), we held that when a person claiming compensation for wrongful imprisonment has obtained a judgment of acquittal, that judgment is not to be given preclusive effect, because an acquittal is a determination that the state has not met its burden of proof. It is not necessarily a finding that the accused is innocent. For this reason, a claimant advancing a wrongful-imprisonment claim "must affirmatively prove her innocence by a preponderance of the evidence." *Id.* at 52. We explained that in enacting the statute, the "General Assembly intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability." *Id.* Even though the statute examined in *Walden* was an earlier version of R.C. 2743.48, the *Walden* holding is still applicable. *Griffith v. Cleveland,* 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, ¶ 30. R.C. 2743.48(A)(5) requires an affirmative showing of innocence beyond proof of an acquittal.

{¶ 15} When a court vacates or reverses a criminal conviction based on insufficiency of the evidence, the court is saying that the state has not proven the elements of the offense beyond a reasonable doubt; it is not saying that innocence has been proven. Thus, reversal on insufficiency of the evidence does not automatically mean that the defendant was wrongfully imprisoned. *Chandler v. State*, 95 Ohio App.3d 142, 641 N.E.2d 1382 (8th Dist.1994). If the legislature had intended to compensate all persons whose convictions are reversed based on insufficient evidence, it could have explicitly stated this in R.C. 2743.48. *See Ratcliff v. State,* 94 Ohio App.3d 179, 182, 640 N.E.2d 560 (4th Dist.1994).

{¶ 16} In this case, Doss argues that the vacation of his convictions and discharge from prison are proof of his actual innocence. In contrast, the state asserts that R.C. 2743.48 establishes a civil rather than a criminal action and that in contrast with the burden of proof in a criminal trial, the wrongful-imprisonment statute places the burden of proof on the claimant to affirmatively show by a preponderance of the evidence that he or she was actually innocent of the charged offense, including all lesser included offenses. A judgment of acquittal is not enough. The state contends that in support of his action for declaratory judgment, Doss did not provide the trial court with any additional evidence to prove that the other party consented, or that he did not know and could not reasonably have known of any impairment of her ability to consent, or any other proof of his actual innocence of the charge of rape and all lesser included offenses. The trial and appellate courts, therefore, granted Doss a preliminary determination of eligibility for compensation without the required affirmative proof of his actual innocence.

{¶ 17} The differing burdens of proof explain why a vacation of Doss's conviction does not prove his innocence. The appellate court held that the evidence was insufficient to sustain the convictions and that the state failed to prove Doss's guilt beyond a reasonable doubt. But that ruling does not answer the question whether Doss can show by a preponderance of the evidence that he did not know, or could not reasonably have known, of the alleged victim's incapacity. *See Ratcliff v. State* at 182 (evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence). Preponderance of the evidence is a distinct legal standard from beyond a reasonable doubt. By not requiring more of Doss, the lower courts contravened the mandate of R.C. 2743.48(A)(5) by dispensing with the additional requirement of affirmative proof that the criminal action was not committed by him or by any person. Even though Doss's successful appeal may have provided some support for his claim of wrongful imprisonment, it is not

8

enough. He had the burden of proof to affirmatively establish his innocence under R.C. 2743.48(A)(5). *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 72, 701 N.E.2d 1002 (1998).

*Proof Offered to Support Summary Judgment*

{¶ 18} To analyze whether Doss affirmatively established his innocence by a preponderance of the evidence, we must examine the evidence that he submitted in support of his motion for summary judgment. To prevail on the motion, he must have demonstrated that there was no genuine issue of material fact, that he was entitled to judgment as a matter of law, and that reasonable minds, viewing the evidence in the light most favorable to the nonmoving party, can come to only one conclusion, which is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.,* 127 Ohio St.3d 54, 2010-Ohio-4505, 936 N.E.2d 481, ¶ 29. Appellate review is de novo. *Id.*

{¶ 19} The record shows that Doss filed his motion for summary judgment relying solely on the Eighth District's decision in *Doss II*. And the trial court granted summary judgment on that basis alone. Specifically, the trial court stated:

> The court of appeals' decision to reverse and vacate plaintiff Doss's conviction and order his immediate release *can only be interpreted to mean* that either plaintiff Doss was innocent of the charges upon which he was convicted, or that no crime was committed by plaintiff Doss, or both.

(Emphasis added.)

{¶ 20} This conclusion was incorrect. The trial court relied solely on the court of appeals' reversal and vacation of the conviction to hold that Doss was entitled to judgment as a matter of law. It did not require a hearing or additional evidence. It simply cited the court of appeals' holding that the state had not

SUPREME COURT OF OHIO

offered sufficient evidence to prove Doss's convictions. And in affirming the trial court's grant of summary judgment, the Eighth District correctly acknowledged *Walden*'s rule that an acquittal does not necessarily establish actual innocence, but then applied the rule incorrectly. Despite the jury's verdict of guilty and without any evidence from Doss, the majority held that the record showed insufficient evidence of the alleged victim's substantial impairment. Thus, the judgment of the trial court that found Doss to be eligible for compensation and the appellate court's judgment affirming that finding were not based upon an affirmative showing of actual innocence. They were based on a dearth of evidence of guilt. Both courts relieved Doss of his statutory obligation to prove by a preponderance of the evidence that he did not commit the charged offense, including all lesser included offenses, an obligation that must be fulfilled before he is allowed to claim the status of one who was "wrongfully imprisoned."

**{¶ 21}** To show actual innocence under the wrongful-imprisonment statute, Doss must prove that "the charged offense, including all lesser-included offenses, either was not committed by [him] or was not committed by any person." R.C. 2743.48(A)(5). This court has emphasized that this standard is not satisfied by an acquittal or a finding of legal insufficiency of the evidence. *Walden,* 47 Ohio St.3d at 52, 547 N.E.2d 962. The General Assembly requires a showing of innocence to be made affirmatively and adjudicated de novo before a claimant can be found to be eligible for compensation in a wrongful-imprisonment action.

### III. Conclusion

**{¶ 22}** Not every person who is released from prison because of a successful appeal is entitled to compensation. The legislature set forth a procedure for claimants like Doss to follow in R.C. 2743.48, so that the common pleas court could actively separate demonstrably innocent persons who have been wrongfully imprisoned from persons who have merely avoided criminal liability.

We hold that one who claims to be a "wrongfully imprisoned individual" under R.C. 2743.48 must prove all of the factors in R.C. 2743.48(A) by a preponderance of the evidence before seeking compensation from the state for wrongful imprisonment. We also hold that a trial court adjudicating proof of innocence pursuant to R.C. 2743.48(A)(5) may not find that a claimant has been wrongfully imprisoned based solely on an appellate court judgment vacating a felony conviction due to insufficient evidence and discharging the prisoner without a remand for a new trial. We therefore reverse the judgment of the court of appeals and remand this matter to the trial court for further proceedings.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

_____

Mancino, Mancino & Mancino and Paul Mancino Jr., for appellee.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, and Matthew P. Hampton, Deputy Solicitor; and William D. Mason, Cuyahoga County Prosecuting Attorney, and John F. Manley and T. Allan Regas, Assistant Prosecuting Attorneys, for appellant.

_____