MANSARAY, APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

[Cite as *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750.]

*Action against state for wrongful imprisonment—R.C. 2743.48(A)(5)—Error in procedure resulting in release.*

(No. 2012-1727—Submitted October 8, 2013—Decided March 5, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 98171, 2012-Ohio-3376.

_____

### SYLLABUS OF THE COURT

When a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment.

_____

PFEIFER, J.

{¶ 1} Yanko Mansaray, appellee, asserts that he is a wrongfully imprisoned individual. We conclude to the contrary because he has not satisfied R.C. 2743.48(A)(5), and we reverse the judgment of the court of appeals.

### BACKGROUND

{¶ 2} The circumstances surrounding Mansaray's convictions underlying this civil case are described in the appellate court decision that reversed the convictions. *State v. Mansaray*, 8th Dist. Cuyahoga No. 93562, 2010-Ohio-5119. In 2010, United States marshals had a warrant to arrest Rodney Williams. Acting on a reasonable belief that they would find him at appellee Yanko Mansaray's house, the marshals entered and searched for Williams. Instead of Williams, they

found a large quantity of ecstasy pills. Based on this evidence, which Mansaray moved to suppress at trial, Mansaray was convicted of a drug offense and a related offense and sentenced to 11 years in prison.

{¶ 3} In late 2010, his convictions were reversed. The court of appeals concluded that the ecstasy pills found in his house should have been suppressed at trial. The court stated that the warrant issued for the arrest of Rodney Williams did not authorize the marshals to search Mansaray's house. According to his complaint, Mansaray was released on bond, and the charges against him were ultimately dismissed.

{¶ 4} Mansaray subsequently filed the complaint in this case, asserting, pursuant to R.C. 2743.48, that he is a wrongfully imprisoned individual. The trial court dismissed his complaint. The court of appeals reversed, concluding that Mansaray satisfied all five requirements of R.C. 2743.48(A)(1) through (5). The state of Ohio appealed, and we accepted jurisdiction.

## ANALYSIS

{¶ 5} The issue in this case is whether Mansaray is a "wrongfully imprisoned individual" as defined in R.C. 2743.48(A). In *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, paragraph one of the syllabus, we stated that "[o]ne who claims to be a 'wrongfully imprisoned individual' under R.C. 2743.48 must prove all of the factors in R.C. 2743.48(A) by a preponderance of the evidence before seeking compensation from the state for wrongful imprisonment." Because our conclusion with respect to R.C. 2743.48(A)(5) is dispositive, we will not address R.C. 2743.48(A)(1) through (4).

### *R.C. 2743.48(A)(5)*

{¶ 6} When Mansaray was in prison and when he filed his complaint, R.C. 2743.48(A)(5) set forth the fifth element of the definition of "wrongfully imprisoned individual" as follows:

> Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

2002 Sub.S.B. No. 149, 149 Ohio Laws, Part II, 3545, and 2010 Sub.H.B. No. 338.

**{¶ 7}** "The fifth factor of R.C. 2743.48(A) may be fulfilled in one of two ways: (1) subsequent to sentencing and during or subsequent to imprisonment 'an error in procedure resulted in the individual's release' or (2) the charged offense (and any lesser included offense) was not committed by the individual or no crime was committed at all (actual innocence)." *Doss* at ¶ 12. In this case, Mansaray has not alleged a claim of actual innocence. Accordingly, we will focus, as the court of appeals did, on the first method of satisfying R.C. 2743.48(A)(5).

**{¶ 8}** The plain and ordinary meaning of the language in the statute—"Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release"—is clear and unambiguous. *See Coventry Towers, Inc. v. Strongsville*, 18 Ohio St.3d 120, 122, 480 N.E.2d 412 (1985). Nevertheless, the parties proffer vastly different interpretations. It is obvious that to satisfy the provision, something must happen subsequent to sentencing and imprisonment. The state's version is that the subsequent event is an error in procedure that occurs after sentencing and during or after imprisonment. Mansaray's version is that the subsequent event is a judicial determination that an error occurred, even if that error occurred prior to sentencing and imprisonment.

*The state's interpretation of R.C. 2743.48(A)(5) is correct*

**{¶ 9}** The state's version is the meaning that is obvious and common in large part because in the state's version, the introductory phrase modifies "error in procedure," the noun phrase closest to it. *Youngstown Club v. Porterfield*, 21 Ohio St.2d 83, 86, 255 N.E.2d 262 (1970). In Mansaray's version, the introductory phrase modifies a noun phrase that doesn't appear in the statute: "a judicial determination that an error in procedure occurred." It is axiomatic that we will not insert words into a statute unless it is absolutely necessary, which it is not in this case. *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.*, 58 Ohio St.2d 1, 4, 387 N.E.2d 1222 (1979). Nothing in the language of the statute suggests, even indirectly, that the subsequent event is a judicial determination than an error occurred.

**{¶ 10}** Although Mansaray's version may be consistent with a reasonable or, in any event, a possible legislative objective, it is not an objective that is apparent. Nothing in the statute indicates that the General Assembly intended to open the state to liability for wrongful imprisonment when a conviction is reversed based on a procedural error that occurred prior to sentencing. Mansaray's interpretation would greatly expand the ability of defendants to seek compensation for wrongful imprisonment. If that is indeed what the General Assembly intended, it did a remarkable job of keeping it to itself—and it will be able to enact such legislation upon learning that we do not think that it has already done so.

**{¶ 11}** Finally, one last flaw in Mansaray's version of R.C. 2743.48(A)(5) is that this section of the statute will always be satisfied when a defendant satisfies R.C. 2743.48(A)(1) through (4). When a defendant who satisfies R.C. 2743.48(A)(1) through (4) is released based on a determination that there has been an error in procedure, the determination will necessarily have occurred subsequent to sentencing and during or subsequent to imprisonment. We consider

that to be an absurd result, which is to be avoided. Although satisfying R.C. 2743.48(A)(5) would not mean that a defendant is necessarily a wrongfully imprisoned individual, because a defendant would still have to satisfy R.C. 2743.48(A)(1) through (4), Mansaray's version of R.C. 2743.48(A)(5) would swallow the actual-innocence part of the provision, rendering it superfluous. Nothing in the statute suggests that the General Assembly intended that result.

{¶ 12} We conclude that when a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment.

*State's propositions of law*

{¶ 13} The state's first proposition of law states, "The Fourth Amendment's exclusionary rule is inapplicable to a subsequent civil proceeding for wrongful imprisonment under R.C. 2743.48." Given our analysis above, it is unnecessary for us to reach a conclusion with respect to this proposition of law, and we decline to embrace its categorical conclusion.

{¶ 14} The state's second proposition of law states, "R.C. 2743.48(A)(5) bars an action for wrongful imprisonment when the claimant's alleged 'error in procedure' is a trial court's denial of claimant's motion to suppress evidence that is subsequently reversed and the State elects to not retry the Defendant/Claimant." We also find it unnecessary to specifically address this proposition of law. Our analysis indicates that this proposition of law is in effect adopted because we cannot conceive of a situation in which a denial of a motion to suppress evidence would occur subsequent to sentencing and during or subsequent to imprisonment. Nevertheless, we are not inclined to endorse such a far-reaching proposition when it is not necessary to do so.

**{¶ 15}** The state's third proposition of law states, "Trial courts must not sua sponte take judicial notice of testimony or evidence in an underlying criminal proceeding when hearing a subsequent civil action for wrongful imprisonment under R.C. 2743.48." Again, given our analysis of R.C. 2743.48, it is not necessary to a resolution of this case for us to discuss this proposition of law.

## CONCLUSION

**{¶ 16}** We conclude that the error in procedure, if that is what led to Mansaray's release from prison, did not occur subsequent to sentencing and during or subsequent to imprisonment. Accordingly, Mansaray has not satisfied R.C. 2743.48(A)(5), which means that on the facts of this case, he is not a wrongfully imprisoned individual. We reverse the judgment of the court of appeals.

Judgment reversed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Friedman & Gilbert and Terry H. Gilbert, for appellee.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Brian R. Gutkoski, Assistant Prosecuting Attorney, for appellant.

_____