[Cite as *Worley v. State*, 2014-Ohio-1429.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100200**

## PEREZ WORLEY

PLAINTIFF-APPELLEE

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803166

**BEFORE:** Kilbane, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Brian R. Gutkoski
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Mark Marein
Marein & Bradley
526 Superior Avenue
Suite 222
Cleveland, Ohio 44114

R. Emmett Moran
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, the state of Ohio (the "State"), appeals from the trial court's decision granting summary judgment in favor of plaintiff-appellee, Perez Worley ("Worley"), finding that he is a wrongfully imprisoned individual under R.C. 2743.48(A)(5). Based on the Ohio Supreme Court's recent ruling in *Mansaray v. State*, Slip Opinion No. 2014-Ohio-750, we reverse the trial court's judgment on Worley's motion for summary judgment and remand with instructions for the trial court to enter judgment in favor of the State.

{¶2} The facts surrounding Worley's convictions underlying this civil case are described by this court in *State v. Worley*, 8th Dist. Cuyahoga No. 94590, 2011-Ohio-2779. In 2009, Worley was convicted for attempted murder, aggravated robbery, felonious assault, kidnapping, and carrying a concealed weapon for robbing and shooting two males. The trial court sentenced Worley to 29 years in prison. In 2011, we reversed his convictions and remanded the matter for a new trial, finding that the investigating officer's testimony regarding a witness and the codefendant violated the Sixth Amendment's Confrontation Clause and should not have been admitted. *Id.* at ¶ 19.

{¶3} Following our remand, Worley proceeded to a new jury trial, at which he was found not guilty of all charges. Subsequently, Worley filed a wrongful imprisonment complaint in March 2013. In his complaint, he alleged that he was a wrongfully

imprisoned individual under R.C. 2743.48(A)(5). R.C. 2743.48 governs civil actions against the State for wrongful imprisonment, and provides in pertinent part:

> (A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
>
> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.
>
> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.
>
> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.
>
> (4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.
>
> (5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶4} In June 2013, Worley moved for summary judgment, arguing that he is a wrongfully imprisoned individual under R.C. 2743.48(A)(5) because an error in procedure resulted in his release. The State opposed Worley's motion, arguing that

Worley's error in procedure did not happen subsequent to sentencing. The trial court granted Worley's motion for summary judgment, finding that he is a wrongfully imprisoned individual. The court stated:

> Worley is determined to be a wrongfully imprisoned individual under [R.C. 2743.48]; that [Worley] was acquitted at retrial, and the court further finds that an error in procedure resulted in [Worley's] subsequent release from prison; therefore[,] summary judgment of [Worley] is granted. The court further gives notice to [Worley] that he may commence a civil action against the state in the court of claims as a result of the wrongful imprisonment, and that he has the right to be represented in said claims by counsel of his choice.

{¶5} The State now appeals, raising the following six assignments of error for review.

### Assignment of Error One

The trial court committed reversible error when it purportedly granted Worley's summary judgment motion.

### Assignment of Error Two

The trial court committed reversible [error when it] denied the State's motion to strike jury demand as moot.

### Assignment of Error Three

The trial court abused its discretion when it granted Worley's motion for protective order that failed to comply with the plain language of Civ.R. 26.

### Assignment of Error Four

The trial court abused its discretion when it denied the State leave to file a cross motion for summary judgment when the case was only three months old and had not been set for trial, where the court never fixed a dispositive motion deadline, and where the court had granted Worley's leave to file for summary judgment, instanter, less than thirty days prior.

## Assignment of Error Five

The trial court committed reversible error when it granted Worley's July 3, 2013 motion to strike the evidentiary materials attached to the State's opposition to summary judgment.

## Assignment of Error Six

The trial court committed reversible error when [it] sua sponte "Note[d] an error was made" but nonetheless denied the State's Civ.R. 60 motion without a hearing.

## Motion for Summary Judgment

{¶6} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264, 273-274.

{¶7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing

that there is a genuine issue for trial."  Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).  Doubts must be resolved in favor of the nonmoving party.  *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶8} The issue in this case is whether Worley is a "wrongfully imprisoned individual" as defined in R.C. 2743.48(A)(5).  The Ohio Supreme Court provides the answer to this question in *Mansaray*, Slip Opinion No. 2014-Ohio-750.

{¶9} In *Mansaray*, plaintiff-appellee, Yanko Mansaray, filed a wrongfully imprisoned individual complaint after his convictions were reversed by this court. *Mansaray* at ¶ 2-4, citing *State v. Mansaray*, 8th Dist. Cuyahoga No. 93562, 2010-Ohio-5119.  The trial court dismissed his wrongfully imprisoned individual complaint, and we reversed, concluding that Mansaray satisfied all five requirements of R.C. 2743.48(A)(1)-(5).  *Id.* at ¶ 4.  The State appealed, and the Ohio Supreme Court accepted jurisdiction.  *Id.*

{¶10} The Ohio Supreme Court's analysis focused on whether Mansaray was a wrongfully imprisoned individual under R.C. 2743.48(A)(5), which provides that:

> Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶11} The court noted that

'[t]he fifth factor of R.C. 2743.48(A) may be fulfilled in one of two ways: (1) subsequent to sentencing and during or subsequent to imprisonment "an error in procedure resulted in the individual's release" or (2) the charged offense (and any lesser included offense) was not committed by the individual or no crime was committed at all (actual innocence).'

*Id.* at ¶ 7, quoting *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 12.

{¶12} The State argued that the subsequent event is an error in procedure that occurs after sentencing and during or after imprisonment. Mansaray argued that the subsequent event is a judicial determination that an error occurred, even if that error occurred prior to sentencing and imprisonment. *Mansaray,* Slip Opinion No. 2014-Ohio-750, at ¶ 8.

{¶13} The court found that the State's interpretation is correct, noting that

the state's version is the meaning that is obvious and common in large part because in the state's version, the introductory phrase modifies "error in procedure," the noun phrase closest to it. *Youngstown Club v. Porterfield*, 21 Ohio St.2d 83, 86, 255 N.E.2d 262 (1970). In Mansaray's version, the introductory phrase modifies a noun phrase that doesn't appear in the statute: "a judicial determination that an error in procedure occurred."

* * *

Nothing in the statute indicates that the General Assembly intended to open the state to liability for wrongful imprisonment when a conviction is reversed based on a procedural error that occurred prior to sentencing. Mansaray's interpretation would greatly expand the ability of defendants to seek compensation for wrongful imprisonment. If that is indeed what the General Assembly intended, it did a remarkable job of keeping it to itself — and it will be able to enact such legislation upon learning that we do not think that it has already done so.

*Id.* at ¶ 9-10.

**{¶14}** The *Mansaray* court concluded that "when a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment." *Id.* at ¶ 12; syllabus.

**{¶15}** Likewise, in the instant case, the error in procedure — a Confrontation Clause violation — that resulted in Worley's release did not occur subsequent to sentencing and during or subsequent to imprisonment. Accordingly, Worley did not satisfy R.C. 2743.48(A)(5) and is not a wrongfully imprisoned individual. We reverse the trial court's judgment on Worley's motion for summary judgment and remand with instructions for the trial court to enter judgment, as a matter of law, in favor of the State. *See* App.R. 12(B).

**{¶16}** In the second, third, fourth, fifth, and sixth assignments of error, the State argues that the trial court committed several procedural errors. However, based on our disposition of the first assignment of error, the remaining assignments of error are overruled as moot. *See* App.R. 12(A)(1)(c).

**{¶17}** Judgment is reversed, and the matter is remanded with instructions for the trial court to enter judgment in favor of State.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR