[Cite as *Honeycutt v. Ohio*, 2015-Ohio-3938.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| ALLEN HONEYCUTT, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2015-05-042 |
| | : | O P I N I O N |
| - vs - | | 9/28/2015 |
| | : | |
| STATE OF OHIO, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 2014 TRC 02392

Robert B. Newman, Stephen R. Felson, 215 East Ninth Street, Suite 650, Cincinnati, Ohio 45202, for plaintiff-appellee

Michael DeWine, Ohio Attorney General, Caitlyn A. Nestleroth, Debra Gorrell Wehrle, 30 East Broad Street, Columbus, Ohio 43215, for defendant-appellee

**RINGLAND, J.**

{¶ 1}  Plaintiff-appellant, Allen Honeycutt, appeals from the decision of the Warren County Common Pleas Court granting summary judgment in favor of defendant-appellee, the state of Ohio, on his complaint for wrongful imprisonment. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2}  In 2013, appellant was convicted of trafficking in marijuana, possession of

marijuana, possession of criminal tools, and engaging in a pattern of corrupt activity. He was sentenced to eight years in prison. In 2014, this court reversed and vacated appellant's convictions, finding that the state had failed to prove that Warren County was the proper venue for his trial and that "double jeopardy attaches to bar the state from reprosecuting these charges." *State v. Honeycutt*, 12th Dist. Warren No. CA2013-02-018, 2014-Ohio-352, ¶ 33. Consequently, we ordered that appellant "is hereby discharged." *Id.* at ¶ 40.

{¶ 3} Following his release from prison, appellant filed a complaint against appellee, seeking a declaration that he was a "wrongfully imprisoned individual" under R.C. 2743.48(A). Both sides moved for summary judgment. The trial court denied appellant's motion for summary judgment but granted appellee's motion for summary judgment on the grounds that appellant had failed to prove the existence of a genuine issue of material fact as to whether he satisfied the requirements of R.C. 2743.48(A)(4) and (5).

{¶ 4} Appellant now appeals, assigning the following as error:

{¶ 5} THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT APPELLANT WAS NOT A WRONGFULLY IMPRISONED INDIVIDUAL WITHIN THE MEANING OF R.C. 2743.48.

{¶ 6} Appellant argues the trial court erred in granting appellee's motion for summary judgment on his complaint for wrongful imprisonment, because he presented sufficient evidence to satisfy all of the factors in R.C. 2743.48 for determining if someone is a "wrongfully imprisoned individual," including those in R.C. 2743.48(A)(4) and (5).

{¶ 7} A trial court's decision granting summary judgment is reviewed de novo by an appellate court. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App. 3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.). The trial court's decision to grant summary judgment will be upheld if there is no genuine issue of material fact remaining for trial; the moving party is entitled to judgment

- 2 -

as a matter of law; and reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party, which is entitled to have the evidence construed most strongly in its favor. *Id.* The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Id.* Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. *Id.*

{¶ 8} R.C. 2743.48(A) states as follows:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 9} "One who claims to be a 'wrongfully imprisoned individual' under R.C. 2743.48

- 3 -

must prove all of the factors in R.C. 2743.48(A) by a preponderance of the evidence before seeking compensation from the state for wrongful imprisonment." *Doss v. State*, 135 Ohio St. 3d 211, 2012-Ohio-5678, paragraph one of the syllabus.

{¶ 10} Both parties agree that the first three factors in R.C. 2743.48(A) have been satisfied in this case, but they dispute whether appellant presented sufficient evidence to establish a genuine issue of material fact as to the existence of the factors in both R.C. 2743.48(A)(4) and (5). We conclude that appellant has not presented sufficient evidence to establish a genuine issue of material fact on the existence of the factor in R.C. 2743.48(A)(5), and therefore, we need not consider whether a genuine issue of material fact exists as to the factor listed in R.C. 2743.48(A)(4).

{¶ 11} As the Ohio Supreme Court stated in *Doss*:

> The fifth factor of R.C. 2743.48(A) may be fulfilled in one of two ways: (1) subsequent to sentencing and during or subsequent to imprisonment, "an error in procedure resulted in the individual's release" or (2) the charged offense (and any lesser included offense) was not committed by the individual or no crime was committed at all (actual innocence). R.C. 2743.48(A)(5).

{¶ 12} Here, appellant has not alleged that he is actually innocent of the charges on which he was tried and convicted, which convictions were later reversed and vacated. Instead, appellant alleges that the fifth factor in R.C. 2743.48(A)(5) was satisfied as a result of an "error in procedure" committed by the Warren County Clerk of Courts, who issued a "warrant to convey" him from the Warren County Jail to an Ohio Department of Corrections facility. Appellant asserts that the issuance of the warrant to convey constituted an "error in procedure" under R.C. 2743.48(A)(5), because it was later determined by this court that the state failed to establish that Warren County was the proper venue for the criminal proceedings brought against him. Appellant contends that as a result, every action taken during the proceedings, including the Clerk of Court's issuance of a warrant to convey

- 4 -

appellant from the Warren County Jail to the Ohio Department of Corrections "must be considered to have been a procedural error since each act occurred in the wrong venue." We find this argument unpersuasive.

{¶ 13} We agree with the trial court that the Clerk of Court's act of issuing the warrant to convey was not an "error in procedure" as contemplated by R.C. 2743.48(A)(5), since that act did not *result* in appellant's release from prison. The Clerk of Courts properly issued the warrant to convey at the direction of the trial court following appellant's sentencing. The error in this case occurred during appellant's trial, when the state failed to present sufficient evidence to establish that Warren County was the proper venue. Further, appellant's release did not result from any error committed by the Clerk of Courts. Instead, appellant's release resulted from this court's decision finding that the state had failed to prove that Warren County was the proper venue for appellant's trial and that double jeopardy attached to bar the state from reprosecuting the charges against appellant, and ordering that appellant's convictions be vacated and that appellant was discharged. *Honeycutt*, 2014-Ohio-352 at ¶ 33, 40.

{¶ 14} Additionally, the Ohio Supreme Court has held that "when a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment." *Mansaray v. State*, 138 Ohio St. 3d 277, 2014-Ohio-750 at ¶ 12.

{¶ 15} Appellant acknowledges that, for purposes of R.C. 2743.48(A)(5), the "error in procedure" relied on by a wrongful-imprisonment claimant must have taken place "[s]ubsequent to sentencing and during or subsequent to imprisonment[,]" and he insists that he is not contending that his trial took place "subsequent to sentencing and during or subsequent to imprisonment." However, appellant contends that the error in procedure

involving the state's failure to prove that Warren County was the proper venue for his criminal trial was "continued" or "renewed" after he was sentenced and during the time of his imprisonment in the Warren County Jail, and therefore this error in procedure was sufficient to meet the requirement in R.C. 2743.48(A)(5). We disagree.

{¶ 16} The term "error in procedure" is not defined in R.C. 2743.48 or anywhere else in R.C. Chapter 2743. In *Mansaray* at ¶ 8, the Ohio Supreme Court discussed R.C. 2743.48(A)(5) as follows:

> The plain and ordinary meaning of the language in the statute— "Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release"—is clear and unambiguous. *See Coventry Towers, Inc. v. Strongsville,* 18 Ohio St.3d 120, 122, 480 N.E.2d 412 (1985). * * * It is obvious that to satisfy the provision, something must happen subsequent to sentencing and imprisonment.

{¶ 17} The court in *Mansaray* rejected the argument made by the appellant in that case that "the subsequent event is a judicial determination that an error occurred, even if that error occurred prior to sentencing and imprisonment." *Id.* at ¶ 8. The court found that accepting that argument would require it to insert into R.C. 2743.48(A)(5) "a noun phrase that doesn't appear in the statute: 'a judicial determination that an error occurred.'" *Id.* at ¶ 9. The court noted that "[i]t is axiomatic that we will not insert words into a statute unless it is absolutely necessary, which it is not in this case." *Id.*, citing *Bernardini v. Bd. of Ed. for Conneaut Area City Sch. Dist.*, 58 Ohio St. 2d 1, 4-5 (1979).

{¶ 18} Here, we cannot agree with appellant's argument that the state's failure to establish venue at appellant's criminal trial amounted to an "error in procedure" that should be deemed to have been a "continuing" error, or an error that was "renewed" "[s]ubsequent to sentencing or during or subsequent to imprisonment[,]" for purposes of R.C. 2743.48(A)(5). To accept such an argument would have the practical effect of deleting the phrase "subsequent to sentencing or during or subsequent to imprisonment" from R.C.

2743.48(A)(5). It is well-settled that in determining the legislative intent of a statute, a court must give effect to the words used in the statute and refrain from deleting words used or inserting words not used "unless it is absolutely necessary, which it is not in this case." *Mansaray* and *Bernardini*.

{¶ 19} In light of the foregoing, appellant failed to demonstrate the existence of a genuine issue of material fact as to whether he could satisfy all of the requirements in R.C. 2743.48(A)(1)-(5) by a preponderance of the evidence, as required by *Doss*, 2012-Ohio-5678, paragraph one of the syllabus. Therefore, the trial court did not err in granting summary judgment in favor of the state and against appellant on his complaint for wrongful imprisonment.

{¶ 20} Accordingly, appellant's assignment of error is overruled.

{¶ 21} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.