**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *James v. State,* **Slip Opinion No. 2016-Ohio-8012.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8012

JAMES, APPELLEE, *v*. THE STATE OF OHIO, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *James v. State,* Slip Opinion No. 2016-Ohio-8012.]**

*R.C. 2743.48—Former prison inmate failed to meet statutory definition of "wrongfully imprisoned individual"—Trial court's grant of summary judgment to the state reinstated.*

(No. 2015-1230—Submitted June 14, 2016—Decided December 7, 2016.)

APPEAL from the Court of Appeals for Clark County, No. 2013-CA-28, 2015-Ohio-623.

_____

PFEIFER, J.

{¶ 1} Appellee, Omar K. James, a.k.a. Ahmad K. James, is seeking to be declared a wrongfully imprisoned individual as defined in R.C. 2743.48(A). For the reasons that follow, we conclude that he has not satisfied R.C. 2743.48(A)(5). Accordingly, we reverse the judgment of the court of appeals.

**Background**

**{¶ 2}** In 1998, after a trial in which he represented himself, James was sentenced to 13 years in prison on various drug and weapons charges, including possession of cocaine and crack cocaine. James sought a writ of habeas corpus in the United States District Court for the Southern District of Ohio, Western Division. The district court conditionally granted the writ; it ordered the state to release James or grant him a new trial within a certain time. *James v. Brigano*, S.D.Ohio No. 3:00CV00491 (June 29, 2005). The Sixth Circuit Court of Appeals affirmed that decision based on its conclusion that James's waiver of counsel had not been knowingly and intelligently made. 470 F.3d 636, 644 (6th Cir.2006).

**{¶ 3}** The state did not retry James, and the charges against him were dismissed with prejudice. James subsequently filed a complaint seeking a determination that he was a wrongfully imprisoned individual. *See* R.C. 2743.48(A). Both James and the state moved for summary judgment. James's motion was denied; the state's was granted.

**{¶ 4}** On appeal, the court of appeals reversed. 2014-Ohio-140 (2d Dist.). We reversed the judgment of the court of appeals and remanded with instructions for the court of appeals to apply *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35. 139 Ohio St.3d 1401, 2014-Ohio-2245, 9 N.E.3d 1060.

**{¶ 5}** On remand, the court of appeals again reversed the trial court's grant of summary judgment to the state, concluding that James had satisfied all five elements of R.C. 2743.48(A). We accepted the state's discretionary appeal. 144 Ohio St.3d 1439, 2015-Ohio-5468, 43 N.E.2d 451.

**Analysis**

**{¶ 6}** To be declared a wrongfully imprisoned individual, a person must satisfy all five elements of R.C. 2743.48(A). *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, paragraph one of the syllabus. The only element at issue in this case is R.C. 2743.48(A)(5), which states: "Subsequent to

sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release * * *."

{¶ 7} We recently had occasion to examine this provision, stating:

> When a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment.

*Mansaray*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, syllabus.

{¶ 8} The court of appeals reviewed two procedural errors alleged by James, and it rejected one of them but accepted the other. 2015-Ohio-623 at ¶ 5-10. The court of appeals concluded that a trial court's "failure to schedule a trial within the time frame set by statute, rule or as directed by a remand would constitute an error in procedure within the meaning of R.C. 2743.48(A)(5)." *Id.* at ¶ 6. We decline to express an opinion on this statement of law because it is unnecessary to do so to resolve the issue before us.

{¶ 9} It is undeniable that after the federal writ of habeas corpus was granted, the state chose not to prosecute James. Accordingly and appropriately, the trial court did not set a date for a new trial. The court of appeals concluded that failing to set a date for a new trial was an error. Whether it was an error is not relevant, however, because even if it was an error, it was not the error that "resulted in the individual's release." R.C. 2743.48(A)(5). How could it be, when the failure to schedule a new trial occurred after the writ of habeas corpus had been issued?

{¶ 10} The writ of habeas corpus was issued because the district court determined that James had waived his right to counsel other than knowingly and intelligently. His waiver of right to counsel occurred before James was sentenced

or imprisoned, not "[s]ubsequent to sentencing and during or subsequent to imprisonment," as required by R.C. 2743.48(A)(5). It is obvious that the error that resulted in James's release from prison was the improper waiver of counsel, not the alleged error of the trial court's failing to set a new trial.

{¶ 11} We conclude that the court of appeals erred when it determined that James had satisfied R.C. 2743.48(A)(5). Accordingly, we reverse the judgment of the court of appeals and reinstate the trial court's order granting summary judgment to the state.

Judgment reversed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents, with an opinion.

_____

**O'NEILL, J., dissenting.**

{¶ 12} Respectfully, I must dissent.

{¶ 13} In *Mansaray v. State*, we held that when a person seeks to prove that "an error in procedure resulted in his release" under R.C. 2743.48(A)(5), "the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment." 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, syllabus. Today, the court drives the last nail into the coffin of the cause of action for wrongful imprisonment in Ohio under the error-in-procedure provision. By holding that the state's decision not to seek retrial following the issuance of the conditional writ of habeas corpus was not the error in procedure that resulted in release but that the error prior to sentencing was the reason he was released, this court essentially hands the keys to the kingdom over to the prosecutors of Ohio. You lost your case in federal court? No problem. Just close your file, and no one will ever hear of this matter again.

{¶ 14} "It is obvious," the majority says, that the error resulting in appellee Omar K. James's release happened at trial. Majority opinion at ¶ 10. I disagree.

{¶ 15} If failure to seek a retrial when a court has ordered the state to release or retry a defendant is *not* an error in procedure occurring after sentencing and resulting in release, then I am not sure what is. Almost exclusively, errors in procedure that occur after sentencing do not result in a prisoner's release. Nobody in Ohio gets released from prison because the state made a procedural mistake when defending an appeal, responding to a postconviction-relief petition, or responding to a petition for an extraordinary writ. A judgment of conviction and sentence stands until and unless the person incarcerated under such a judgment makes a meritorious attack on the judgment. A court will vacate a judgment of conviction and sentence only if the proceeding underlying that judgment was in some way faulty. Even if a person is successful in overturning a judgment of conviction and is entitled to a new trial, the state is almost always entitled to continue holding the person in prison so long as the state pursues an appeal or a retrial. Thus, only when the state fails to retry the incarcerated person is that person released. If that set of circumstances does not satisfy R.C. 2743.48(A)(5), none will. And a provision that can never be satisfied by any conceivable set of circumstances is as absurd as a statutory provision that will always be satisfied so long as other provisions are satisfied, *Mansaray*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, at ¶ 11.

{¶ 16} This case is about dollars and cents, plain and simple. The state got its conviction in a trial that was found to be constitutionally invalid. The state got its pound of flesh; James had served 9 of the 13 years he was ordered to serve in prison by the time he was released. Faced with the expense of retrying the case to keep him in prison for four more years, the state made a decision and took a walk. And it was a money-saving walk indeed. The state's failure to retry James is the reason why he was released, even if he was also released because his constitutional rights were violated at trial. And now, despite the fact that James's conviction has

been invalidated, the state avoids paying its debt to him. This is not justice. It is economics.

{¶ 17} For that reason I dissent.

_____

Derek A. Farmer and Sandra J. Finucane, for appellee.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Stephen P. Carney and Hannah C. Wilson, Deputy Solicitors, and Debra Gorrell Wehrle, for appellant.

_____