O’Neill, J.,
dissenting.
{¶ 12} Respectfully, I must dissent.
{¶ 13} In Mansaray v. State, we held that when a person seeks to prove that “an error in procedure resulted in his release” under R.C. 2743.48(A)(5), “the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment.” 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, syllabus. Today, the court drives the last nail into the coffin of the cause of action for wrongful imprisonment in Ohio under the error-in-procedure provision. By holding that the state’s decision not to seek retrial following the issuance of the conditional writ of habeas corpus was not the error in procedure that resulted in release but that the error prior to sentencing was the reason he was released, this court essentially hands the keys to the kingdom over to the prosecutors of Ohio. You lost your case in federal court? No problem. Just close your file, and no one will ever hear of this matter again.
{¶ 14} “It is obvious,” the majority says, that the error resulting in the release of appellee, Omar K. James, happened at trial. Majority opinion at ¶ 10. I disagree.
{¶ 15} If failure to seek a retrial when a court has ordered the state to release or retry a defendant is not an error in procedure occurring after sentencing and resulting in release, then I am not sure what is. Almost exclusively, errors in procedure that occur after sentencing do not result in a prisoner’s release. Nobody in Ohio gets released from prison because the state made a procedural mistake when defending an appeal, responding to a postconviction-relief petition, or responding to a petition for an extraordinary writ. A judgment of conviction and sentence stands until and unless the person incarcerated under such a judgment makes a meritorious attack on the judgment. A court will vacate a judgment of conviction and sentence only if the proceeding underlying that judgment was in some way faulty. Even if a person is successful in overturning a judgment of conviction and is entitled to a new trial, the state is almost always entitled to continue holding the person in prison so long as the state pursues an appeal or a retrial. Thus, only when the state fails to retry the incarcerated *450 person is that person released. If that set of circumstances does not satisfy R.C. 2743.48(A)(5), none will. And a provision that can never be satisfied by any conceivable set of circumstances is as absurd as a statutory provision that will always be satisfied so long as other provisions are satisfied, Mansaray, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, at ¶ 11.
Derek A. Farmer and Sandra J. Finucane, for appellee.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Stephen P. Carney and Hannah C. Wilson, Deputy Solicitors, and Debra Gorrell Wehrle, Assistant Attorney General, for appellant.
{¶ 16} This case is about dollars and cents, plain and simple. The state got its conviction in a trial that was found to be constitutionally invalid. The state got its pound of flesh; James had served 9 of the 13 years he was ordered to serve in prison by the time he was released. Faced with the expense of retrying the case to keep him in prison for four more years, the state made a decision and took a walk. And it was a money-saving walk indeed. The state’s failure to retry James is the reason why he was released, even if he was also released because his constitutional rights were violated at trial. And now, despite the fact that James’s convictions have been invalidated, the state avoids paying its debt to him. This is not justice. It is economics.
{¶ 17} For that reason, I dissent.