[Cite as *State v. Masci*, 2012-Ohio-359.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96851**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SETH MASCI

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545579

**BEFORE:** Stewart, J., Kilbane, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH    44103

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶ 1}   Defendant-appellant Seth Masci, appeals from his conviction of two counts of felonious assault as a result of running over Matthew Hlywiak with an automobile during an ongoing dispute.   Masci complains that the convictions were based upon insufficient evidence and were against the manifest weight of the evidence.   He alternatively contends that the evidence presented, at best, supports a conviction for aggravated assault.   For the following reasons, we affirm.

{¶ 2}   Trial testimony of the circumstances leading up to the incident is both conflicting and convoluted.   However, the following facts are uncontroverted.

{¶ 3}   On November 16, 2010, Hlywiak, the victim, met with former girlfriend Nicole Kauntz at the home of a mutual acquaintance, Ian Evans, for a night of drinking

and partying. Others soon arrived, including Masci, his girlfriend Gina LaPorte, Keighleigh Scharf, and a man referred to as "King." Hlywiak became extremely inebriated and began to quarrel with Kauntz. Masci intervened in the argument, and then left the residence with Kauntz, LaPorte, and King. The four got into LaPorte's Chevy Blazer, but were accosted by Hlywiak, who struck the vehicle with his fist before they were able to leave. Masci drove away and Hlywiak went back inside the home.

{¶ 4} A rock shattered the front window of the Evans' residence a short time later, and Hlywiak set out to identify the perpetrator. Hlywiak claims that he found Kauntz and Scharf in the rear parking lot of a nearby bar, and while questioning them about the rock throwing incident, he was run over by the Blazer. Hlywiak was taken to the hospital and treated for fractured ribs, a punctured lung, torn ligaments and tendons, and lacerations to his back.

{¶ 5} Cleveland Police Detective, Laura Parker, began investigating the incident on November 17, 2010. She spoke with Hlywiak at the hospital. She located and photographed LaPorte's Blazer that was parked at the couple's residence. Detective Parker also interviewed LaPorte and Masci, but did not take any written statements.

{¶ 6} After Detective Parker completed the investigation and presented her findings to the prosecutor, Masci was charged with two counts of felonious assault pursuant to R.C. 2903.11(A)(1) and (2). He pleaded not guilty, elected to try his case to the bench, and was found guilty of both counts.

{¶ 7} In his first assignment of error, Masci argues that the trial court erred when it found him guilty because the evidence necessary to prove, beyond a reasonable doubt, who had caused the harm was insufficient. He claims that the state did not prove that he was the driver of the vehicle that ran over Hlywiak because the totality of the trial testimony was inconsistent and unclear. Masci contends that it was dark and that Hlywiak's drunken state precluded him from accurately identifying the driver of the Blazer.

{¶ 8} When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A verdict will not be disturbed based upon insufficient evidence unless it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001); *Jenks* at 273.

{¶ 9} R.C. 2903.11, the statute defining felonious assault, states, in pertinent part that "(A) No person shall knowingly: (1) Cause serious physical harm to another; (2) Cause or attempt to cause physical harm to another by means of a deadly weapon * * *."

{¶ 10} In *State v. Johnson*, 4th Dist. No. 04CA2786, 2005-Ohio-6873, 2005 WL 3527018, ¶ 22, the appellant argued that the circumstantial evidence presented to "convince the average mind, beyond a reasonable doubt, that he operated the motor vehicle in question" was insufficient. The court stated that "to sustain a conviction, the [c]ity was required to produce some evidence that [a]ppellant operated the motor vehicle." *Id.* at ¶ 27. The reviewing court sustained the assignment of error after noting that the city had failed to proffer any proof that the appellant operated the motor vehicle. *Id.* at ¶ 28.

{¶ 11} In this case, the state presented the testimony of several witnesses to place Masci in the driver's seat of the Blazer. Hlywiak and Kauntz testified that Masci was the driver of the Blazer when it departed the Evans' home. Dawn Orengo, a disinterested witness, observed the argument and ensuing assault with the Blazer from the window of her residence across the street. Orengo testified that she saw a white male wearing a white t-shirt driving the Blazer when it backed up, aimed at, and ran over Hlywiak. Hlywiak testified that, in spite of his blood alcohol content level of at least 2.78, he could "see [the driver of the Blazer] clearly, because [he] was on top of the hood for a minute." He also stated that Masci was wearing "all black with black sunglasses." Twenty-two days after the incident, Hlywiak identified Masci and LaPorte from photo lineups.

{¶ 12} Conversely, LaPorte testified that she accompanied Masci, King, who is African-American, and a white male called "P" to retrieve keys to the Blazer that Hlywiak had taken from the ignition earlier in the incident, and that P was driving.

Masci testified that P had accompanied them earlier to the Evans' residence and was driving the Blazer when Hlywiak was struck. However, when Masci and LaPorte were asked by the state and the trial court to provide P's full name, address, or place of employment, they could not. And Detective Parker testified that when she questioned Masci and LaPorte, they never mentioned the presence or participation in the incident of an individual named P.

{¶ 13} While Orengo's testimony does not positively identify Masci as the driver and also conflicts with Hlywiak's recollection of the driver's clothing, her testimony provides strong circumstantial corroboration when combined with the version of events that Hlywiak and Kauntz provided. If the trier of fact found P's existence to be doubtful, Masci is the only white male that can be placed inside the Blazer at the time of the incident. Left with the remaining testimony, our review yields no further evidence inconsistent with the conclusion that Masci was driving the vehicle at the time Hlywiak was hit.

{¶ 14} Additional testimony was sufficient to permit the trial court to conclude that Masci knowingly attempted to cause serious physical harm to Hlywiak. Dwayne Pryor, a disinterested witness standing eight or nine houses away, testified that he observed the Blazer strike Hlywiak and opined that the driver was attempting "[t]o crush him * * * [b]ecause when he hit the gas, his body kicked out from the back tire." Orengo testified that she saw the Blazer "back up, sort of to gain momentum, and pull over the tree lawn,

to hit the guy on foot."  Physical harm to Hlywiak is established by his testimony and by medical records documenting his injuries.

{¶ 15} There is no question with regard to the "deadly weapon" used in this case. "It is well established that an automobile can be classified as a deadly weapon when used in a manner likely to produce death or great bodily harm."  *State v. Fredericy*, 8th Dist. No. 95677, 2011-Ohio-3834, 2011 WL 3359977, ¶ 12, citing *State v. Kilton*, 8th Dist. No. 80837, 2003-Ohio-423, 2003 WL 194852.  Masci even concedes as much. Masci's first assignment of error is overruled.

{¶ 16} In his second assignment of error, Masci argues that the trial court's verdict was against the manifest weight of the evidence because no corroborating evidence was proffered to demonstrate that he was driving the vehicle when it struck Hlywiak, and the contradicting and unreliable testimony makes any one version of events implausible.  He additionally argues that, at best, he should have been convicted of aggravated assault.

{¶ 17} The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (1986).  The use of the word "manifest" means that the trier of fact's decision must be plainly or obviously contrary to all of the evidence. This is a difficult burden for an appellant to overcome because the resolution of factual issues

resides with the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶ 18} To bolster his challenge to the evidence as being untrustworthy, Masci points to (1) Hlywiak's intoxication, (2) discrepancies with the testimony regarding Masci's clothing, (3) darkness, (4) the delay in Hlywiak's photo identification, (5) the personal agendas of all witnesses to not tell the truth, and (6) the absence of a formal written statement to law enforcement.

{¶ 19} In *State v. Hudson*, 8th Dist. No. 91803, 2009-Ohio-6454, 2009 WL 4694916, ¶ 47, the appellant contended that the state's primary witnesses lacked credibility because they were drunk when the incident occurred and gave inconsistent testimony about the shirt he was wearing. The court noted that "[a]ppellant is correct in his assertion that a witness's state of intoxication may raise a credibility issue." *Id.* at ¶ 48, citing *State v. Warren*, 8th Dist. No. 83709, 2004-Ohio-4477, 2004 WL 1902371. Nevertheless, the court pointed out that "the real issue is not whether the witnesses had been drinking, but whether, given some level of intoxication and the inconsistencies, the testimony was sufficiently consistent and believable so that it was reasonable for the [finder of fact] to accept." *Id.*

{¶ 20} Although Hlywiak was highly intoxicated, his version of events, except for Masci's attire, was largely consistent with the testimony of Orengo. The testimony of

Kauntz also places Masci in the driver's seat when the victim was hit. That the trial court chose to disbelieve that someone named P was driving the Blazer when it struck Hlywiak, or for that matter that P even existed, is not plainly or obviously contrary to all the other evidence presented.

{¶ 21} Finally, Masci contends that the court should have alternatively found him guilty of aggravated assault. He argues that, if he did hit Hlywiak, he did so in retaliation after Hlywiak started the altercation.

{¶ 22} Aggravated assault is not a lesser included offense of felonious assault, but instead is "an inferior degree of felonious assault with a reduction in penalty upon the determination by the trier of fact of the existence of the mitigating circumstance of serious provocation." *State v. Coleman*, 8th Dist. No. 80595, 2002-Ohio-4421, 2002 WL 1980806, ¶ 18. The offense of aggravated assault is premised upon the acts of a person occasioned to cause serious physical harm "while under the influence of sudden passion or in a sudden fit of rage, either which is brought on by serious provocation, occasioned by the victim that is reasonably sufficient to incite the person into using deadly force * * *." R.C. 2903.12. "In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *Coleman* at ¶ 19, citing *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph five of the syllabus.

**{¶ 23}** Evidence adduced at trial supporting Masci's argument include the following. Masci, Kauntz, and LaPorte testified that Hlywiak exhibited aggressive and menacing behavior from the time they arrived at the Evans' residence. Kauntz testified that Hlywiak punched the windows of the Blazer while the group attempted to leave. LaPorte's testimony and photographs admitted into evidence establish that Hlywiak damaged the driver side mirror and window of the Blazer and also gouged the paint of the vehicle lengthwise with a pocket knife. LaPorte and Masci testified that Hlywiak snatched LaPorte's ring of keys from the Blazer's ignition in an attempt to prevent them from leaving. LaPorte and Masci testified also that Hlywiak came to their residence and continued to threaten them. In fact, the site where Hlywiak was run down by the Blazer was in very close proximity to their home.

**{¶ 24}** Masci requested the trial court to consider finding him guilty of aggravated assault. And "in a bench trial it is presumed that the trial court considered the appropriate inferior and lesser-included offenses and defenses." *State v. Perez*, 8th Dist. No. 91227, 2009-Ohio-959, 2009 WL 548143, ¶ 61, citing *State v. Waters*, 8th Dist. No. 87431, 2006-Ohio-4895, 2006 WL 2692843, ¶ 11. However, Masci denied being the driver of the vehicle when it struck Hlywiak, thus contradicting any argument that he was provoked into hitting the victim.

**{¶ 25}** In *State v. Leibold*, 8th Dist. No. 62071, 1993 WL 69548 (Mar. 11, 1993), the appellant was convicted of felonious assault, and argued that the facts offered in his case provided sufficient evidence of serious provocation in order to sustain a guilty

finding only of aggravated assault. The court noted that the appellant's defense theory was that he did not commit the assault, therefore, it would have been inconsistent to argue that he was provoked into committing the offense because the argument had no foundation. *Id.* "Where a defendant interposes a complete defense to the charged crime, a lesser [or inferior] offense consideration is inappropriate." *Id.*, citing *State v. Solomon*, 66 Ohio St.2d 214, 221, 421 N.E.2d 139 (1981). Also, because this case was tried to the bench, "there is no indication that the trial court as factfinder may not have considered the alleged provocation and decided it wasn't sufficient to operate to reduce the crime from felonious assault to aggravated assault." *Id. See also State v. Arnold*, 8th Dist. No. 71262, 1997 WL 606716 (Oct. 2, 1997); *State v. Salwan*, 8th Dist. No. 68713, 1996 WL 284857 (May 30, 1996).

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR