KATHLEEN ANN KEOUGH, J.:
{¶ 1} Defendant-appellant, Isaiah Martin ("Martin"), appeals his convictions following a bench trial. For the reasons that follow, we reverse and remand with instructions.
{¶ 2} In September 2016, Martin was named in a six-count indictment charging him with attempted murder, two counts of felonious assault, two counts of child endangering, and intimidation of a crime victim or witness. The attempted murder and felonious assault counts contained one- and three-year firearm specifications. Martin waived his right to a jury trial, and the case was tried to the bench.
{¶ 3} The charges in this case stemmed from a confrontation and resulting altercation between Martin and the victim, Mark D'Amore, that occurred in the parking lot of the Cleveland police First District station during a prescheduled child-visitation exchange. During the altercation, Martin shot D'Amore in the shoulder. At trial, Martin asserted that he acted in self-defense and maintained that the Castle Doctrine relieved him of his duty to retreat prior to using deadly force.
{¶ 4} Martin was found not guilty of attempted murder, intimidation of a crime victim or witness, and both counts of child endangering. However, the trial court found him guilty of aggravated assault, as a "lesser included" offense of felonious assault, as charged in both Counts 2 and 3. He was also found guilty of the attendant one- and three-year firearm specifications.
*654 {¶ 5} Following merger, Martin was sentenced to three years on the firearm specifications to be served prior and consecutive to a one-year term of community control sanctions on the underlying aggravated assault charge.
{¶ 6} Martin now appeals, raising two assignments of error. Finding merit to the second assignment of error, it will be addressed first.
{¶ 7} In his second assignment of error, Martin contends that the trial court erred when it found him guilty of aggravated assault as a lesser included offense of felonious assault.
{¶ 8} It is well settled that aggravated assault is not a lesser-included offense of felonious assault. Instead, aggravated assault is an inferior degree of felonious assault because its elements are identical to or contained within the offense of felonious assault, coupled with the additional presence of one or both mitigating circumstances of sudden passion or a sudden fit of rage brought on by serious provocation occasioned by the victim. State v. Searles , 8th Dist. Cuyahoga No. 96549, 2011-Ohio-6275, 2011 WL 6145748, citing State v. Logan , 10th Dist. Franklin No. 08AP-881, 2009-Ohio-2899, 2009 WL 1710763, citing State v. Deem , 40 Ohio St.3d 205, 533 N.E.2d 294 (1988) ; see also R.C. 2903.12.
{¶ 9} The state concedes that aggravated assault is not a lesser-included offense of felonious assault. However, the state maintains that the trial court merely used imprecise wording when it found Martin guilty of aggravated assault as a lesser-included offense rather than an inferior offense of felonious assault. In support, the state directs this court to a line of cases that stand for the proposition that in a bench trial, it is presumed that "the court considered inferior and lesser-included offenses." State v. Masci , 8th Dist. Cuyahoga No. 96851, 2012-Ohio-359, 2012 WL 344962, ¶ 25 ; State v. Perez , 8th Dist. Cuyahoga No. 91227, 2009-Ohio-959, 2009 WL 548143 ; State v. Waters , 8th Dist. Cuyahoga No. 87431, 2006-Ohio-4895, 2006 WL 2692843, ¶ 11. However, in those cases, this court was not reviewing a trial court's verdict finding the defendant guilty of aggravated assault as a lesser-included offense of felonious assault. These cases merely stand for the proposition that a presumption exists that the trial court as the trier of fact considered both lesser-included and inferior offenses in rendering its verdict, even when the parties do not request such consideration.
{¶ 10} Martin contends that the trial court's pronouncement of the verdict on the record demonstrates that the court mistakenly believed that aggravated assault was a lesser-included offense; thus defeating the presumption that the trial court properly considered both lesser-included and inferior offenses.
{¶ 11} In State v. Williams , 8th Dist. Cuyahoga No. 98210, 2013-Ohio-573, 2013 WL 658155, the trial court mistakenly considered the offense of aggravated assault as a lesser-included offense of felonious assault. This court concluded that the court's oral pronouncement of the verdict demonstrated that the court considered and rejected that the mitigating factor of serious provocation was proven, thus demonstrating that the court only misstated that the offense was a "lesser-included" offense of felonious assault. Id. at ¶ 22.
{¶ 12} The trial court in this case, unlike in Williams , did not discuss provocation sufficient to demonstrate to this court that it considered aggravated assault as an inferior offense and merely used imprecise wording. The trial court stated:
This Court, after careful and deliberate review of all of the evidence, finds that *655 the State of Ohio has not presented evidence that rises to the acceptable legal standard of guilty beyond a reasonable doubt as to Counts Two and Three [felonious assault].
This Court does find, however, that the State has presented evidence that rises to the legal standard of guilty beyond a reasonable doubt as to the lesser-included offenses of aggravated assault, as defined in Revised Code 2903.12, with both the one[-] and three-year firearm specifications.
* * *
I therefore find the defendant guilty of aggravated assault with a one[-] and three-year firearm specification, the lesser offenses of Counts Two and Three.
(Tr. 444-445.) At no point did the trial court indicate that it considered the mitigating factor of provocation. More importantly, the trial court effectively found Martin not guilty of both felonious assault charges when it determined that the state did not satisfy its burden of proof.
{¶ 13} To be found guilty of aggravated assault as an inferior offense of felonious assault, the trier of fact must first find that the state proved the elements of felonious assault beyond a reasonable doubt. Only then does the trier of fact consider whether the defendant proved the mitigating factor of serious provocation by a preponderance of the evidence. If the trier of fact finds that the defendant proved the mitigating circumstance, then the trier of fact can find a defendant guilty of aggravated assault. See State v. Ruppart , 187 Ohio App.3d 192, 2010-Ohio-1574, 931 N.E.2d 627, ¶ 33-38 (8th Dist.), citing 2 Ohio Jury Instructions, Section 503.11(A)(14) (2009).
{¶ 14} Simply put, a finding of not guilty of felonious assault necessarily precludes a finding of guilty of aggravated assault as an inferior offense of felonious assault. Accordingly, when the trial court found Martin not guilty of felonious assault, it could not, as a matter of law, find him guilty of aggravated assault.
{¶ 15} Martin's second assignment of error is sustained. This court's resolution of this assignment of error renders moot Martin's first assignment of error, which asserts that his conviction is against the manifest weight of the evidence.
{¶ 16} Judgment reversed. The case is remanded to the trial court for the court to enter a judgment entry vacating Martin's conviction for aggravated assault and attendant firearm specifications.
TIM McCORMACK, P.J., and PATRICIA ANN BLACKMON, J., CONCUR