[Cite as *Martin v. State*, 2022-Ohio-2580.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ISAIAH MARTIN, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 110919 |
| v. | : | |
| STATE OF OHIO, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 28, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-926517

## *Appearances:*

Scott & Winters Law Firm, LLC, Joseph F. Scott, and Ryan A. Winters, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jillian Eckart, Assistant Prosecuting Attorney, *for appellee*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Plaintiff-appellant Isaiah[1] Martin ("Martin") appeals from the trial court's decision denying his motion for summary judgment and granting defendant-appellee the state of Ohio's ("the state's") motion for summary judgment on Martin's claim for wrongful imprisonment. Upon review, we affirm.

## I. Factual and Procedural History

{¶ 2} On September 7, 2016, a prescheduled child-visitation exchange was to occur at 8 p.m. between Mark D'Amore ("D'Amore") and Amanda Reese ("Reese") in the parking lot of the Cleveland Division of Police - First District station. Reese has two children with D'Amore, and they have a shared parenting agreement. Because of the contentious relationship between D'Amore and Reese, they conducted exchanges in the parking lot of the police station.[2]

{¶ 3} On the evening of the exchange involved in this matter, D'Amore did not appear on time for the child exchange. D'Amore and Reese exchanged multiple hostile text and phone communications, though no explicit physical threats occurred. At some point, Reese called Martin, whom she was dating, and relayed the contents of the text messages D'Amore had been sending her. While on the phone with Reese, Martin overheard an argument occurring between D'Amore and

---

[1] In the case caption for the lower court case, Martin's first name is misspelled as "Isaih."

[2] D'Amore had previously been convicted of domestic violence against Reese, and he also had prior convictions for vehicular assault and attempted drug possession. There is no evidence of physical violence occurring at the child-visitation exchanges.

Reese once D'Amore arrived at the police station. Rather than contacting the police, Martin proceeded to drive to the police station parking lot with a loaded gun.

{¶ 4} D'Amore had arrived on foot at the police station with the children, D'Amore's then-girlfriend Latasha Wisniewski ("Wisniewski"), and Wisniewski's teenage daughter shortly after 8:30 p.m. While D'Amore was saying goodbye to his children, a verbal altercation between Wisniewski and Reese was occurring. At this point, Martin pulled into the police station parking lot and D'Amore immediately approached Martin's truck. D'Amore was not armed. The undisputed evidence showed that during the altercation, Martin shot D'Amore in the shoulder.

{¶ 5} The trial record contains differing accounts of exactly what occurred during the confrontation. Some witnesses testified that D'Amore ran over to the truck aggressively and challenged Martin to a fight. Other witnesses testified that D'Amore calmly walked over to the truck and Martin immediately put a gun in D'Amore's face. D'Amore testified that when he walked up to Martin's truck, Martin said, "I told you I was going to put you in a body bag." Martin testified that D'Amore rushed his truck and said that he wanted to fight. No other witnesses could testify as to what either man said during the encounter, although Wisniewski testified that she told D'Amore to stop when he headed toward Martin's truck because she thought they were going to fight. Ultimately, Martin admitted that he shot D'Amore, but he asserted that he did so in self-defense.

{¶ 6} Between 8:30 and 8:45 p.m., police officers, hearing yelling and screaming outside, exited the police station and found Martin holding a gun and

calmly stating that he had shot D'Amore. Martin surrendered his gun to the police immediately and was generally cooperative, telling police that D'Amore had come after him and Martin was defending himself.

{¶ 7} In September 2016, Martin was charged in a six-count indictment with attempted murder, two counts of felonious assault, two counts of endangering children, and intimidation of a crime victim or witness in Cuyahoga C.P. No. CR-16-609654-A. The attempted murder and felonious assault charges each carried one- and three-year firearm specifications and weapons forfeiture specifications. The criminal case proceeded to a bench trial, in which Martin asserted that he acted in self-defense. On May 25, 2017, the criminal court found Martin not guilty of attempted murder, endangering children, or intimidation. However, the court found Martin guilty of two counts of aggravated assault as "lesser included" offenses of felonious assault, along with the attendant one- and three-year firearm specifications. The court rejected his claim of self-defense. The court announced its verdict, in relevant part, as follows:

> So in reaching my verdict I have considered the affirmative defense of self-defense and the burden placed on the defense to prove by a preponderance of the evidence all three elements of that defense.
>
> Further, this Court has also considered Revised Code 2901.05(B)(1), more commonly referred to as the Castle doctrine, which relieves the defendant's burden to prove those three elements. I am aware of what the defendant must establish in order for that presumption to apply.
>
> Further, I am also aware that the presumption may not apply or that may be rebutted by [the] State of Ohio, which would then require the defense to establish all three elements of the affirmative defense.

This Court, after careful and deliberate review of all of the evidence, finds that the State of Ohio has not presented evidence that rises to the acceptable legal standard of guilty beyond a reasonable doubt as to Counts Two and Three [the felonious assault charges.]

This Court does find, however, that the State has presented evidence that rises to the legal standard of guilty beyond a reasonable doubt as to the lesser included offenses of aggravated assault, as defined in Revised Code 2903.12, with both the one and three-year firearm specifications.

Following merger, the court sentenced Martin to three years of imprisonment on the firearm specifications to be served prior and consecutive to a one-year term of community-control sanctions on the underlying aggravated assault conviction.

{¶ 8} Martin appealed, and this court reversed his conviction of aggravated assault upon concluding that "when the trial court found Martin not guilty of felonious assault, it could not, as a matter of law, find him guilty of aggravated assault." *State v. Martin*, 2018-Ohio-1098, 109 N.E.3d 652, ¶ 14 (8th Dist.) ("*Martin* I"). As observed in *Martin* I, instead of being a lesser-included offense of felonious assault, "aggravated assault is an inferior degree of felonious assault because its elements are identical to or contained within the offense of felonious assault, coupled with the additional presence of one or both mitigating circumstances of sudden passion or a sudden fit of rage brought on by serious provocation occasioned by the victim." *Martin* I at ¶ 8, citing *State v. Searles*, 8th Dist. Cuyahoga No. 96549, 2011-Ohio-6275; *see also State v. Deem*, 40 Ohio St.3d 205, 210-211, 533 N.E.2d 294 (1988). Therefore, "a finding of not guilty of felonious assault necessarily precludes a finding of guilty of aggravated assault as an inferior

offense of felonious assault." *Id.* at ¶ 14.[3] On remand to the trial court in the criminal case, Martin's conviction was vacated in accordance with this court's mandate in *Martin* I.[4]

{¶ 9} On December 12, 2019, Martin filed a civil complaint against the state seeking a declaration that he was a wrongfully imprisoned individual as defined by R.C. 2743.48(A), Ohio's wrongful-imprisonment statute, and therefore entitled to compensation. The state filed its answer on January 8, 2020. Thereafter, the parties filed competing motions for summary judgment. Following a hearing, the trial court entered a journal entry on July 1, 2021, denying Martin's motion for summary judgment and permitting the parties to file additional briefing on the state's motion for summary judgment. Supplemental briefing was filed by the parties. The state argued that summary judgment was warranted in its favor because Martin could not demonstrate by a preponderance of the evidence his actual innocence as required under R.C. 2743.48(A)(5) for his wrongful-imprisonment claim. Martin maintained that he was actually innocent and that the record demonstrated genuine issues of material fact as to whether he acted in self-defense.

---

[3] The *Martin* I Court also indicated that "[t]he trial court * * * did not discuss provocation sufficient to demonstrate * * * that it considered aggravated assault as an inferior offense and merely used imprecise wording." *Id.* at ¶ 12.

[4] We note that Martin was not acquitted by reason of self-defense and, instead, had his conviction vacated for legal error. The court in *Martin* I did not consider Martin's self-defense claim because it resolved the appeal on other grounds. The rejection of his self-defense claim in his criminal trial does not preclude him from asserting that claim in support of his wrongful-imprisonment action.

{¶ 10} On September 20, 2021, the trial court granted the state's motion for summary judgment. In its corresponding opinion, the trial court found that Martin could not satisfy his burden under R.C. 2743.48(A)(5) of establishing his actual innocence, stating in relevant part:

> Here, Plaintiff cannot sustain his burden [to show actual innocence]. There is no dispute that Plaintiff pulled out a gun and shot the victim. It [is] clear from the record that the trial court delivered its verdict by mistakenly considering aggravated assault as a lesser-included offense, rather than an inferior offense. In the criminal case, the legal and technical result of this error caused the conviction to be vacated. While this Court understands the Eighth District's opinion that a criminal conviction for aggravated assault cannot legally be sustained after a finding of not guilty on a charge of felonious assault, the evidence nevertheless establishes Plaintiff's criminal conduct, and the trial court's finding of criminal culpability and rejection of his self-defense argument.

> The ultimate criminal disposition for the legal and procedural posture of the underlying criminal case does not negate the factual findings as applied in this civil matter. * * * [T]he facts adduced at trial still remain the facts of the case. The Plaintiff admitted at trial that he shot the victim. Moreover, Plaintiff has not claimed actual innocence in his affidavit, briefing, or at oral argument in support of his civil action. After review of the record, this Court agrees with the trial court that based on the facts of the case, the Plaintiff cannot avail himself of [the] self-defense protection, and, in very least, committed the crime of aggravated assault.

> Therefore, Plaintiff cannot establish actual innocence, and finds that [the] Plaintiff's claim must fail. * * *

{¶ 11} On October 19, 2021, Martin filed a timely notice of appeal.

## II. Assignments of Error

{¶ 12} Martin presents the following assignments of error for our review:

I. The trial court erred when [it] failed to conduct an independent review of the facts, but rather relied solely upon the prior

determinations in the criminal proceeding, when ruling on the parties' cross-motions for summary judgment.

II. The trial court erred when it relied upon the prior determinations of fact in the criminal proceeding as if those findings were to be given preclusive effect.

III. The trial court erred in granting Defendant-Appellee's motion for summary judgment where genuine issues of material fact remained to be determined at trial.

## III.  Legal Analysis

{¶ 13} We begin with a brief overview of both the summary judgment standard and Ohio's wrongful imprisonment statute.

{¶ 14} Appellate review of summary judgment is de novo and is governed by the standard set forth in Civ.R. 56. *See State ex rel. Awms Water Solutions v. Mertz*, 162 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, ¶ 23. "Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears after construing the evidence most strongly in the nonmoving party's favor that reasonable minds can come to but one conclusion." *Mertz* at ¶ 23.

{¶ 15} "Actions against the state for wrongful imprisonment are governed by R.C. 2743.48, which places the burden on a claimant to prove by a preponderance of the evidence that he or she meets the definition of a 'wrongfully imprisoned individual.'" *Bundy v. State*, 143 Ohio St.3d 237, 2015-Ohio-2138, 36 N.E.3d 158, ¶ 15, quoting *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, paragraph one of the syllabus.  To be deemed a wrongfully imprisoned individual,

the claimant must satisfy each of the five requirements of R.C. 2743.48(A). *See Bundy* at ¶ 15. If a common pleas court determines all five requirements are satisfied and declares the claimant is therefore a wrongfully imprisoned individual, then the claimant is entitled to pursue an action in the Court of Claims against the state for monetary compensation. *Id*. at ¶ 16.

{¶ 16} The terms of eligibility and the relief provided in R.C. 2743.48 demonstrate that the state's liability is "narrow in that only a very limited class of individuals can meet the five simple but strict requirements of R.C. 2743.48(A)." *Bundy* at ¶ 17. "The wrongful imprisonment statutes were intended to compensate the innocent for wrongful imprisonment. They were never intended, however, to compensate those who had merely avoided criminal liability." *Chandler v. State*, 95 Ohio App.3d 142, 147-148, 641 N.E.2d 1382 (8th Dist.1994), citing *Walden v. State*, 47 Ohio St.3d 47, 52, 547 N.E.2d 962 (1989).[5] As stated in *Doss*, "[n]ot every person who is released from prison because of a successful appeal is entitled to compensation." *Id*. at ¶ 22.

---

[5] In *Walden*, the Supreme Court of Ohio determined that a person who is acquitted by reason of self-defense may seek statutory compensation for wrongful imprisonment, but that the judgment of acquittal is not to be given preclusive effect in a proceeding under R.C. 2305.02. *Walden* at paragraphs one and two of the syllabus. The Supreme Court recognized that "[i]n enacting R.C. 2305.02, the General Assembly intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability." *Walden* at 52.

## A. The Trial Court's Independent Review

{¶ 17} We will address Martin's first and second assignments of error together.[6] In his first assignment of error, Martin argues the trial court erred by failing to conduct an independent review of the evidence presented in the civil wrongful-imprisonment action and by relying solely upon the prior factual determinations in the criminal trial proceeding. In his second assignment of error, Martin argues that the trial court erred by relying on the findings made in the criminal trial proceeding as if those findings were to be given preclusive effect. More specifically, Martin asserts that the trial court relied solely upon the rejection of his self-defense claim in the criminal trial as the basis for rejecting his self-defense claim in the civil matter. Martin generally asserts that the summary-judgment record contains clear evidence supporting his claim of self-defense, thereby creating a genuine issue of material fact such that summary judgment in the state's favor was inappropriate.

{¶ 18} We agree with Martin's statement that the judgment of a criminal court is not to be given preclusive effect to a wrongful imprisonment claim under R.C. 2743.48. *See Walden* at 52. However, the record does not support Martin's assertions that the trial court failed to conduct any independent review of the facts and treated the findings of the trial court in the criminal case as preclusive. The trial

---

[6] We recognize that our review on summary judgment is de novo and that we apply the same standard under Civ.R. 56(C). However, "[Civ.R. 56(C)] mandates that the trial court make the initial determination whether to award summary judgment; the trial court's function cannot be replaced by an 'independent' review of an appellate court." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992).

court's opinion reflects that it reviewed the record and considered the facts of the underlying incident as they related to Martin's inability to sustain his burden of affirmatively establishing his innocence. The trial court properly understood from the *Martin* I decision that Martin's conviction for aggravated assault could not be legally sustained, but the court found that "the evidence nevertheless establishes Plaintiff's criminal conduct, and the trial court's finding of criminal culpability and rejection of his self-defense argument." While the record reflects that the trial court's opinion did not contain an in-depth analysis of Martin's self-defense claim, it was not required to contain such an analysis. *See Maddox v. E. Cleveland*, 8th Dist. Cuyahoga No. 96390, 2012-Ohio-9, ¶ 23; Civ.R. 52. The trial court's opinion makes clear that upon its own "review of the record," it determined "based on the facts of the case, [Martin] cannot avail himself of [the] self-defense protection, and, in the very least, committed the crime of aggravated assault." Accordingly, Martin's first and second assignments of error are overruled.

## B. The Summary Judgment Ruling

{¶ 19} In his third assignment of error, Martin argues the trial court erred by granting the state's motion for summary judgment where genuine issues of material fact remained to be determined at trial. Specifically, Martin argues that the trial court ignored the holding in *Martin* I, vacating his aggravated assault convictions, when it found that Martin, "in the very least, committed the crime of aggravated assault." Martin also reiterates his assertions that the trial court failed to properly consider his claim of self-defense and that the summary-judgment

record precluded a finding that Martin was guilty of aggravated assault as a matter of law.

{¶ 20} In this wrongful-imprisonment action, the parties agree that the first four requirements of R.C. 2743.48(A) are satisfied. This appeal is primarily concerned with the "actual innocence" standard set forth under R.C. 2743.48(A)(5), which requires the claimant to prove that "the offense of which the individual was found guilty, including all lesser-included offenses, was not committed by the individual or that no offense was committed by any person."[7] The claimant bears the burden of affirmatively proving by a preponderance of the evidence his actual innocence of the crimes for which he was convicted and all lesser-included offenses. *Ellis v. State*, 64 Ohio St.3d 391, 393, 596 N.E.2d 428 (1992); *see also Doss*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, at ¶ 20.

{¶ 21} Martin was charged with felonious assault and found guilty of aggravated assault. He does not dispute that he shot D'Amore, and he does not make any argument that the state failed to present evidence of the crime of which he was found guilty. However, he has consistently maintained that he is actually innocent because he was acting in self-defense. Therefore, relative to this action, for Martin to establish that he was wrongfully imprisoned, he must prove by a preponderance

---

[7] R.C. 2743.48(A)(5) also references a violation of the *Brady* rule; however, no *Brady* violation occurred in this case. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.E.2d 215 (1963).

of the evidence that he has a valid self-defense claim. *See Ellis*, 64 Ohio St.3d at 395, 596 N.E.2d 428.

{¶ 22} To establish self-defense, Martin must prove the following elements: "(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." *State v. Barnes*, 94 Ohio St.3d 21, 24, 759 N.E.2d 1240 (2002), citing *State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus. The state argues that Martin is unable to satisfy the requirements for self-defense because he was at fault in creating the situation giving rise to the affray — or at a minimum escalated the situation — and because he did not have a bona fide belief of imminent danger of death or great bodily harm.

{¶ 23} With respect to the first requirement of a self-defense claim, the state argues that Martin created the confrontation when, without attempting to call 911 or seek assistance from police, he drove directly to the scene of the child-custody exchange and brandished a weapon at D'Amore. Martin's position is that D'Amore created the situation giving rise to the affray by charging his vehicle, threatening him to a fight, and reaching into his car and attempting to gain control of the gun.

{¶ 24} With respect to the second requirement of a self-defense claim, the state argues that Martin could not have had a bona fide belief that he was in imminent danger because D'Amore was unarmed and Martin was in a large truck.

The state also argues that Martin could have escaped the scene without the use of deadly force by exiting the parking lot or by rolling up his window and locking the door. Further, the state points to Reese's testimony that D'Amore was not known to carry a gun and that the child-custody exchanges had taken place in the police station parking lot for over a year and there had never been acts of physical violence. Martin's position is that he did not know D'Amore was unarmed, he knew that D'Amore had a history of violence and aggression, D'Amore was charging his vehicle aggressively, and based on the layout of the parking lot and D'Amore's position relative to Martin's truck, he could not have exited the parking lot.[8]

{¶ 25} We agree with the trial court that "based on the facts of the case, [Martin] cannot avail himself of [the] self-defense protection * * *." The record shows that rather than contacting the nearby police for help, Martin, who was aware of the verbal confrontation that was occurring, drove directly to the police station parking lot in his pickup truck with a loaded gun and shot D-Amore, who was unarmed and approached on foot. The shooting occurred in the presence of the children with whom Martin was purportedly "concerned" and during a child-visitation exchange that had occurred for over a year without any physical violence. Reasonable minds could only conclude that Martin was not acting in self-defense.

{¶ 26} "Ohio courts have long recognized that a person cannot provoke assault or voluntarily enter an encounter and then claim a right of self-defense.'"

---

[8] Martin also referenced Ohio's Castle doctrine, R.C. 2901.05(B)(2), and maintained that he had no duty to retreat

*State v. Sekic*, 8th Dist. Cuyahoga No. 95633, 2011-Ohio-3978, ¶ 14, quoting *State v. Nichols*, 4th Dist. Scioto No. 01CA2775, 2002 Ohio App. LEXIS 329, 8 (Jan. 22, 2002); *see also State v. Walker*, 8th Dist. Cuyahoga No. 109328, 2021-Ohio-2037, ¶ 19 ("[g]enerally, a defendant, having willingly advanced toward a volatile situation cannot rely on the affirmative defense of self-defense"), citing *Sekic* at ¶ 15; *State v. Gaston*, 8th Dist. Cuyahoga No. 98904, 2013-Ohio-2331 (even if the defendant is not the immediate aggressor, that person cannot provoke an assault or voluntarily enter an encounter and then claim a right of self-defense after the victim predictably attacks).

{¶ 27} Further, even if D'Amore is considered the initial aggressor, there are "'limitations to the application of self-defense,' and the defense 'is not available unless' there is evidence demonstrating 'that the force used to repel the danger was not more than the situation reasonably demanded.'" *State v. Zafar*, 10th Dist. Franklin No. 19AP-255, 2020-Ohio-3341, ¶ 52-53, quoting *State v. Johnson*, 6th Dist. Lucas No. L-08-1325, 2009-Ohio-3500, ¶ 12. It has therefore been concluded that "'the force used to defend must be objectively necessary and reasonable under the facts and circumstances of the case and in view of the danger apprehended.'" *Id.*, quoting *Johnson* and *Martin v. Cent. Ohio Transit Auth.*, 70 Ohio App.3d 83, 93, 590 N.E.2d 411 (10th Dist.1990). Self-defense is not justified when an offender uses "a greater degree of force than is necessary under all the circumstances." *Id.*, citing *Johnson* and *State v. McLeod*, 82 Ohio App. 155, 157, 80 N.E.2d 699 (9th Dist.1948).

{¶ 28} In this case, Martin cannot prove his actual innocence by a preponderance of the evidence and no genuine issue of material fact exists as to whether Martin was acting in self-defense. Reasonable minds could only conclude that Martin voluntarily entered the encounter by proceeding to the police station parking lot and that he exceeded the force reasonably necessary for self-defense by using a deadly weapon. Martin is unable to show that he was not at fault in creating the situation giving rise to the affray or that he had a bona fide belief that he was imminent danger of death or great bodily harm and that his only means of escape from such danger was with the use of deadly force.

{¶ 29} Accordingly, we conclude the state is entitled to summary judgment in its favor. Martin's third assignment of error is overruled. We find no merit to any other arguments raised.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS (WITH SEPARATE OPINION)

MARY EILEEN KILBANE, J., DISSENTING:

{¶ 31} I respectfully dissent from the majority opinion and would reverse the trial court's decision granting the state's motion for summary judgment. Because I believe a genuine issue of material fact exists as to whether Martin was acting in self-defense, I would reverse and remand the case.

{¶ 32} While Martin must establish that he has a valid self-defense claim to establish that he was wrongfully imprisoned, this requirement does not negate the burdens under Civ.R. 56. This appeal is concerned with whether the state is entitled to summary judgment as a matter of law. Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law. On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that

demonstrate their entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 33} Construing the evidence most strongly in favor of Martin, I believe a genuine issue of material fact exists as to whether Martin was acting in self-defense. With respect to the first requirement of a self-defense claim, the state argues that Martin created the confrontation when, without attempting to call 911 or seek assistance from police, he drove to the scene of the exchange and brandished a weapon. Martin argues, however, that D'Amore created the situation giving rise to the affray by charging Martin's vehicle, threatening him to a fight, and reaching into his car and attempting to swat his gun away. With respect to the second requirement of a self-defense claim, the state argues that Martin could not have had a bona fide belief that he was in danger because D'Amore was unarmed and Martin was in a large truck. Martin's position, however, is that he did not know D'Amore was unarmed, he knew that D'Amore had a history of violence and aggression, D'Amore was charging Martin's vehicle aggressively, and Martin was unable to exit the situation. Finally, with respect to the third requirement of a self-defense claim, the parties do not dispute that Martin did not violate any duty to retreat or avoid the danger.

{¶ 34} Having reviewed the evidence in this case, I would not find that the state satisfied its Civ.R. 56 burden. Because I believe that a genuine issue of material fact exists as to whether Martin was acting in self-defense, I would reverse the trial

court's decision granting the state's motion for summary judgment and remand the case.

{¶ 35} For these reasons, I respectfully dissent.