[Cite as *Beavers v. State*, 2023-Ohio-1310.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

REUBEN BEAVERS                          :
                                        :
        Appellee                        :   C.A. No. 29618
                                        :
v.                                      :   Trial Court Case No. 2021 CV 3836
                                        :
STATE OF OHIO                           :   (Civil Appeal from Common Pleas
                                        :   Court)
        Appellant                       :
                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on April 21, 2023

. . . . . . . . . . .

BRADLEY D. ANDERSON & BRIANA BREAULT, Attorneys for Appellee

SALVATORE P. MESSINA, Attorney for Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled the State's motion for summary judgment, granted Reubin Beavers's cross-motion for summary judgment, and declared Beavers a "wrongfully imprisoned individual" under R.C. 2743.48. (The case caption, which is based on the final judgment entry, appears to misspell Beavers's given name.) For the

following reasons, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

## I. Underlying Criminal Case and Prior Proceeding

{¶ 2} On October 22, 1994, Beavers went to an illegal after-hours club ("boot joint") in a residential neighborhood to drink and gamble. The club was the residence of the club's owner, Robert Matson Sr., and the club's cook. While there, Beavers's loud and boisterous behavior caught the attention of the club's "doorman," Arthur Farmer. Beavers left when the club closed around 6:45 a.m., but he later returned and knocked unsuccessfully on the club's door. Soon thereafter, at approximately 7:50 a.m., a man fired more than two dozen shots into the club and the residence next door. Farmer, who had heard the knock and looked out the front door's windows to see who was there, was shot in the foot. He identified Beavers as the shooter. In addition, on the day of the shooting, Matson spoke with his ex-wife, Agnes, on the phone and overheard Beavers tell her that he was responsible for the shooting. Matson then told law enforcement officers at the scene that Beavers had committed the shooting.

{¶ 3} At his jury trial in 1995, Beavers testified on his own behalf and offered witnesses who testified that they had seen the shooting and that he had not been the shooter. The defense argued that someone named Mike D had been the shooter and that Beavers had been driving away when the incident occurred. The jury nevertheless convicted Beavers of felonious assault and two counts of improperly discharging a firearm at or into a habitation, including a prior offense of violence specification and a firearm specification. The trial court sentenced him to an aggregate indefinite term of 18 to 28

years in prison. *See State v. Beavers*, Montgomery C.P. No. 1994 CR 3052. After reopening Beavers's direct appeal, we affirmed his conviction. *State v. Beavers*, 2d Dist. Montgomery No. 15265, 2000 WL 84557 (Jan. 28, 2000) (*Beavers I*).

{¶ 4} We summarized the numerous post-conviction proceedings in Beavers's criminal case in *Beavers v. State*, 2d Dist. Montgomery No. 28061, 2019-Ohio-3587, and we repeat it here.

In 1996, Beavers filed his first petition for post-conviction relief, in which he argued, in part, that his trial counsel was ineffective for failing to call Raney Mease to testify at trial. Mease claimed he had met Beavers in prison after the latter's conviction, after overhearing Beavers describe the case to another inmate. Mease said that he was outside the gambling club during the shooting and saw the shooter and that it was not Beavers. The trial court denied the petition without a hearing, but this court reversed in *State v. Beavers*, 2d Dist. Montgomery No. 16362 1997 WL 797729 (Dec. 31, 1997) (*Beavers II*). That panel of the court concluded that the trial court should have held an evidentiary hearing to consider Mease's testimony. The trial court held a hearing on remand and again denied Beavers's postconviction-relief petition. That denial was affirmed in *State v. Beavers*, 2d Dist. Montgomery No. 17949, 2000 WL 426164 (Apr. 21, 2000) (*Beavers III*).

In 2000, Beavers filed a motion for a new trial based on newly discovered evidence. The parties stipulated that a hearing was

unnecessary. It was not until 2005 that the trial court denied the motion. Although the parties had stipulated the case would be submitted to the trial court on written and documentary submissions, this court reversed and remanded the case for a hearing in *State v. Beavers*, 166 Ohio App.3d 605, 2006-Ohio-1128, 852 N.E.2d 754 (2d Dist.) (*Beavers V),* concluding that a hearing was "necessary to resolve the issues," *Beavers V* at ¶ 22. The trial court held a hearing on remand and again denied the motion for a new trial. This court reversed and remanded in *State v. Beavers*, 2d Dist. Montgomery No. 22588, 2009-Ohio-5604 (*Beavers VI*). That panel concluded that if a jury were to hear Mease's testimony, along with all the other evidence, there was a "strong probability that the jury would have reasonable doubt, and acquit." *Beavers VI* at ¶ 37.

The state filed an application for reconsideration of our judgment in *Beavers VI*, arguing that it had its own newly discovered evidence, contradicting Mease's testimony, discovered after the trial court's hearing on the new-trial motion. The state asked that this court remand for a new hearing on the new-trial motion so that the state could present its additional evidence. The state's application was denied because the state was relying on evidence outside the record. But it was noted that on remand, because the trial court had not specifically been directed to order a new trial, it was within the court's discretion to hear new evidence on the motion. The trial court decided to hold another hearing; then, finding that Mease

lacked credibility, the court denied the motion for a new trial. This court then reversed and remanded in *State v. Beavers*, 2d Dist. Montgomery No. 24671, 2012-Ohio-3711 (*Beavers VII*). This time we directed the trial court to order a new trial, saying that credibility was primarily for a jury to decide.

On September 16, 2013, the trial court, at the request of the state, entered an order dismissing the charges against Beavers without prejudice. Well before *Beavers VI* or the new trial ordered in *Beavers VII*, Beavers completed his prison sentence; he was released from prison in 2008, and he was released from parole the year following his release from prison.

(Footnote omitted.) *Beavers v. State*, 2d Dist. Montgomery No. 28061, 2019-Ohio-3587, at ¶ 4-7. *See also Beavers VII* for a more detailed procedural history.

{¶ 5} In May 2015, Beavers filed an action to be declared a wrongfully imprisoned individual under R.C. 2743.48. *Beavers v. State*, Montgomery C.P. No. 2015 CV 2627. The State moved for summary judgment, arguing that Beavers could not satisfy the fourth or fifth statutory requirements. Specifically, it claimed that Beavers could not satisfy the fourth condition, because criminal charges could be brought against him until September 16, 2019, when the six-year statute of limitations expired, six years after the dismissal of the charges. As to the fifth element, the State argued that his release from prison was not a result of an error after sentencing.

{¶ 6} The trial court held a bench trial on whether Beavers could satisfy the fourth and fifth statutory conditions. Beavers testified and presented four additional witnesses: Mease, Rosalyn Wilcox (Beavers's niece), the prosecutor who handled some of

Beavers's post-conviction matters, and an expert on eyewitness identification and memory. The State presented the testimony of Sergeant Johnathan Ross, who as a patrol officer on October 22, 1994, spoke with a man in a van shortly after hearing the gunshots. The parties also provided transcripts of six additional witnesses who previously had testified during Beavers's criminal case. Applying the version of R.C. 2743.48 then in effect (effective on September 29, 2013), the trial court found that Beavers had satisfied all statutory conditions and qualified as a wrongfully imprisoned individual. On appeal, we reversed because criminal proceedings could still legally be brought against him. *Beavers*, 2d Dist. Montgomery No. 28061, 2019-Ohio-3587. We did not address whether Beavers satisfied the fifth statutory requirement. *See id.* at ¶ 30.

{¶ 7} Beavers filed the instant declaratory judgment action on September 16, 2021, again seeking a declaration that he was a wrongfully imprisoned individual. In cross-motions for summary judgment, the parties agreed that Beavers satisfied the first four conditions of R.C. 2743.48(A). On September 14, 2022, the trial court granted summary judgment to Beavers and against the State, concluding that Beavers had satisfied the "error in procedure" and "actual innocence" provisions of the fifth condition. The court declared Beavers a wrongfully imprisoned individual.

{¶ 8} The State appeals from the trial court's judgment, raising three assignments. The phrasing of the assignments of error is somewhat confusing, but the crux of the first and second assignments of error is that the trial court erred in granting summary judgment to Beavers because (1) there was no error in procedure within the meaning of R.C. 2743.48(A)(5), and (2) the evidence did not prove that Beavers was actually innocent. In

its third assignment of error, the State apparently contends that the trial court should have, instead, granted its motion for summary judgment.

## II. Standard for Motion for Summary Judgment

{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Perrin v. Cincinnati Ins. Co.*, 2020-Ohio-1405, 153 N.E.3d 832, ¶ 29 (2d Dist.).

{¶ 10} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 11} We review the trial court's ruling on a motion for summary judgment de

novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 12} At the outset, Beavers asserts that the State should be precluded from arguing that genuine issues of material fact exist (as it does in its first assignment of error), because the State did not make that argument in the trial court. Indeed, the State's motion for summary judgment claimed that no genuine issues of material fact existed and that it, not Beavers, was entitled to judgment as a matter of law; the State also makes this same assertion on appeal. It is well settled that arguments raised for the first time on appeal will not be considered by an appellate court, and this rule applies when reviewing decisions on motions for summary judgment. *E.g., Budz v. Somerfield*, 2d Dist. Montgomery No. 29550, 2023-Ohio-155, ¶ 30. However, a determination of whether genuine issues of material fact exist is part of our de novo review of a summary judgment motion. Accordingly, regardless of whether the State raised the issue in the trial court, we must consider whether genuine issues of material fact exist, precluding summary judgment.

### III. Wrongfully Imprisoned Individual under R.C. 2743.48

{¶ 13} R.C. 2743.48, the wrongful imprisonment statute, was enacted in 1986 to allow wrongfully imprisoned individuals to bring civil actions against the State for money damages. *McClain v. State*, Ohio Slip Opinion No. 2022-Ohio-4722, __ N.E.3d. __, ¶ 8;

*Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 10. The statute establishes a two-step process in which the plaintiff must first obtain a determination from the common pleas court where the criminal case was initiated as to whether he or she was wrongfully imprisoned. R.C. 2743.48(B)(1). Second, if the common pleas court determines that a person was wrongfully imprisoned, the person may then file an action for monetary compensation against the State in the court of claims. R.C. 2743.48(B)(2).

{¶ 14} R.C. 2743.48(A) sets forth five conditions that an individual must satisfy to qualify as a "wrongfully imprisoned individual." The first four conditions require, in general terms, that (1) the individual was charged with a crime under the Ohio Revised Code; (2) the individual was found guilty of (but did not plead guilty to) that offense or a lesser included offense; (3) the individual was sentenced to prison, and (4) the conviction was vacated, dismissed, or reversed on appeal, and all three requirements regarding subsequent proceedings apply. The fifth condition, which is at issue in this appeal, can be satisfied in either of two ways:

(1) "Subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that occurred prior to, during, or after sentencing, that involved a violation of the Brady Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release," or

(2) "it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, including all lesser-included offenses, was

not committed by the individual or that no offense was committed by any person."

R.C. 2743.48(A)(5).

**A. Error in Procedure**

{¶ 15} The State first claims that Beavers cannot establish, as a matter of law, that an error in procedure occurred that resulted in his release.

{¶ 16} In its summary judgment motion, the State argued that the refusal to grant Beavers a new trial could not be an error in procedure leading to his release, because Beavers was released in 2008, prior to the refusal to grant him a new trial. In reply, Beavers noted that the statute had been amended since the June 18, 2018 final judgment in Case No. 2015 CV 2627, but argued that the amended statutory language was inapplicable. In concluding that there was an error in procedure, the trial court adopted its rationale from its June 2018 judgment and found that the failure to allow Beavers a new trial was an error in procedure that satisfied R.C. 2743.48(A)(5).

{¶ 17} On appeal, the State argues that the plain language of the current statute requires that the "error in procedure" be a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Beavers responds that the current version of the statute does not apply in this case. We agree with the State that a *Brady* violation is required here.

{¶ 18} When Beavers filed his 2015 action seeking a declaration that he had been wrongfully imprisoned, the first prong of R.C. 2743.48(A)(5) read: "Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in

the individual's release." Effective March 22, 2019, the error in procedure provision was amended to require that the error involve a *Brady* violation that infringed on the individual's constitutional rights. *See* 2018 Sub.H.B. No. 411. The amendments to the error in procedure provision further addressed the Ohio Supreme Court's interpretation of the prior version of R.C. 2743.48(A)(5) in *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, and made clear that the error may have occurred prior to, during, or after sentencing. *Mansaray* held that "[w]hen a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment." *Id.* at syllabus.

> **{¶ 19}** In addition, the 2019 amendments to R.C. 2743.48(A)(5) provided:
>
> In addition to any other application of the provisions of this division regarding an error in procedure that occurred prior to, during, or after sentencing, as those provisions exist on and after the effective date of this amendment, if an individual had a claim dismissed, has a claim pending, or did not file a claim because the state of the law in effect prior to the effective date of this amendment barred the claim or made the claim appear to be futile, those provisions apply with respect to the individual and the claim and, on or after that effective date, the individual may file a claim and obtain the benefit of those provisions.

Beavers argues that the effect of this paragraph is to grandfather pending claims under

the prior version of the statute. He asserts that because his prior wrongful imprisonment claim was pending on appeal on March 22, 2019 (we rendered our opinion and final judgment on September 6, 2019), the prior version of the statute applies to his current claim. We disagree with Beavers's reading of the statute and its application to this case.

{¶ 20} First, we read this paragraph of the statute to mean that the "error in procedure" language of the *current* version of R.C. 2743.48(A)(5) applies retroactively to people who had a claim dismissed, had a claim pending, or had not filed a claim due to the language in the prior version of the law. *See* Sub.H.B. 411 Final Analysis, Ohio Legislative Serv. Comm., 3-4. The plain language reflects an intent for individuals whose claims were precluded under the prior version to be able to "file a claim and obtain the benefit" of the new provisions. This is supported by the amendment's legislative history, which commented: "There is some degree of uncertainty as to how many additional actions may be filed as a result of the provision that provides for the retroactive application of the changes to the 'error in procedure' criterion. This means that, subsequent to the bill's enactment, there may be a one-time increase in filings as individuals take advantage of this retroactive provision." Sub.H.B. 411 Fiscal Note and Local Impact Statement, Ohio Legislative Serv. Comm., 2 (Jan.14, 2019).

{¶ 21} Second, Beavers filed the instant action on September 16, 2021, after the effective date of the current version. Consequently, the current version of the law, including the 2019 amendments to R.C. 2743.48(A)(5), governs this wrongful imprisonment action. *See Lemons v. State*, 2020-Ohio-5619, 164 N.E.3d 538, ¶ 27 (8th Dist.) (amended version of R.C. 2743.48(A)(5) applies retroactively). Beavers does not

assert that a *Brady* violation occurred, which is required by the current version of R.C. 2743.48(A)(5). *See Walker v. State*, 8th Dist. Cuyahoga No. 109450, 2021-Ohio-843, ¶ 18. The failure to provide a new trial does not satisfy this requirement, as a matter of law.

### B. Actual Innocence

{¶ 22} Next, the State asserts that the trial court erred in granting Beavers's motion for summary judgment and denying its own motion for summary judgment with respect to Beavers's actual innocence.

{¶ 23} In its motion for summary judgment, the State summarized the evidence presented at the April 16, 2018 bench trial in Case No. 2015 CV 2627, emphasizing the testimony that called into question Mease's credibility and recollection, as well as the testimony of Beavers's niece, Wilcox. The State also argued that the testimony of Beavers's expert witness was more beneficial to the State than to Beavers. Finally, the State highlighted its two key witnesses at the 1995 jury trial: Farmer and Agnes Matson. The State asserted that "no evidence [Beavers] presented was able to prove by a preponderance of the evidence that [he] is innocent of felonious assault or discharging a firearm into a habitation." A two-volume transcript of the April 16, 2018 bench trial was attached to the motion. The State also attached an excerpt of the July 1995 jury trial (Tr. Vol. II, 68-198) to its memorandum opposing Beavers's motion for summary judgment.

{¶ 24} In his own summary judgment motion, Beavers argued that the trial court was correct in its June 18, 2018 decision following the bench trial that there was an error in procedure and that he was actually innocent, and he asked the trial court to follow that

prior ruling. Beavers stated:

> The evidence supporting the Court's prior decision on actual innocence is strong, and there is no new evidence to justify a contrary decision. The Plaintiff, Reubin Beavers, Raney Mease, Terri Watkins, Braden Carlisle, Virgil Meadows, and Rosalyn Wilcox were all present at or around the time of the shooting, and all of them testified either that they saw someone other than Beavers do the shooting or that it was impossible for Beavers to be the shooter because they were with him at the time of the shooting. Beaver testified that he was driving away from the scene of the shooting, with Terri Watkins and Rosalyn Wilcox as passengers in his car, when shots were fired from behind his vehicle. Terri Watkins and Rosalyn Wilcox corroborated that testimony. Braden Carlisle and Virgil Meadows both testified that they were at the scene of the shooting, they saw the shooter, and the shooter was not Beavers. Raney Mease testified that he was present at the scene of the shooting, that he saw the shooter, and the shooter was not Beavers.
>
> This Court had the opportunity to observe the demeanor of the six live witnesses, including four eyewitnesses to the event, and judge their credibility. The Court found, by a preponderance of the evidence, that Beavers had proven that he was actually innocent. No new evidence has come forward in the four years since that trial, and there is no reason to come to a different conclusion. Reubin Beavers is actually innocent of the

offenses with which he was charged in 1994, including all lesser included offenses.

Beavers supported his motion with an affidavit and three attached court documents. He also provided a transcript of the 2018 bench trial, plus transcripts of the prior testimony of Watkins (Oct. 29, 1998 hearing), Carlisle (1995 jury trial), and Meadows (1995 jury trial), which were admitted at the 2018 bench trial as Court Exhibits I, II, and III.

{¶ 25} In ruling on the parties' cross-motions for summary judgment, the trial court adopted in its prior determination made after the 2018 bench trial, which weighed the credibility of witnesses and made a finding that Beavers had demonstrated his actual innocence. The court again found that Beavers should have been found not guilty of the charged offenses. The trial court wrote that it had "carefully heard the testimony of Rosalyn Wilcox * * * and observed her demeanor, candidness, and other aspects of credibility that fact-finders are instructed to apply. The Court found her very believable and assessed her credibility as highly reliable." The court noted that the transcript of the bench trial was incorporated into the record in this case. The court concluded that, "based on the evidence presented at the trial, * * * Reuben Beavers is actually innocent of the charges brought against him."

{¶ 26} Upon review of the record, including all the transcripts provided by the parties, we conclude that neither party was entitled to summary judgment. First, we note that the trial court appeared to approach the matter as if it had been asked to conduct a bench trial on submitted evidence. There is no indication that the trial court construed the evidence in the light most favorable to the respective non-moving party when

considering the cross-motions for summary judgment.

**{¶ 27}** Upon construing the evidence in the light most favorable to the non-moving party, we conclude that genuine issues of material fact rendered summary judgment to either party improper. The evidence submitted by Beavers, when construed in his favor, supported a conclusion that he did not commit the offenses of which he was convicted. Accordingly, the trial court properly denied the State's motion for summary judgment. However, the State also presented evidence that supported Beavers's conviction and undermined the credibility of his witnesses. Because the trial court could not properly decide the witnesses' credibility on summary judgment, the trial court erred in making credibility determinations and finding that Beavers was actually innocent. Summary judgment in Beavers's favor also was inappropriate.

**{¶ 28}** The State's first and second assignments of error, challenging the trial court's grant of summary judgment to Beavers, are sustained. Its third assignment of error, seeking summary judgment in its favor, is overruled.

## IV. Conclusion

**{¶ 29}** The trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

WELBAUM, P.J. and HUFFMAN, J., concur.