[Cite as *Beavers v. State*, 2026-Ohio-285.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| REUBEN J. BEAVERS | : | |
| | : | C.A. No. 30540 |
| Appellant | : | |
| | : | Trial Court Case No. 2021 CV 03836 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| STATE OF OHIO | : | Court) |
| | : | |
| Appellees | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 30, 2026, the judgment of the trial court is reversed and remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

TUCKER, J., and HUFFMAN, J., concur.

ANTHONY D. MAIORANO, Attorney for Appellant
ANDREW T. GATTI, Attorney for Appellee

LEWIS, J.

{¶ 1} Plaintiff-appellant Reuben J. Beavers appeals from an order of the Montgomery County Common Pleas Court that granted summary judgment in favor of defendant-appellee State of Ohio on Beavers's claim for wrongful imprisonment. For the following reasons, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

## I. Course of Proceedings

{¶ 2} In prior decisions, we summarized the lengthy procedural history of Beavers's criminal case and subsequent civil cases. *E.g., Beavers v. State*, 2019-Ohio-3587, ¶ 2-15 (2d Dist.). Because the issue before us in this appeal is narrow, we reiterate only a portion of this procedural history to provide the necessary context for this appeal.

{¶ 3} In 1995, a jury convicted Beavers of one count of felonious assault and two counts of shooting at or into a habitation, specifically, an illicit gambling club operating in a house. Beavers appealed, challenging the sufficiency of the evidence, and we affirmed the convictions.

{¶ 4} Over the next two decades, Beavers filed petitions for post-conviction relief and a motion for a new trial. Ultimately, in 2012, we directed the trial court to order a new trial, concluding that the trial court had abused its discretion by relying on credibility determinations when it denied Beavers's motion for a new trial. *State v. Beavers*, 2012-Ohio-3711, ¶ 30-34 (2d Dist.). At that time, Beavers had already completed his prison

2

sentence and had been released from parole. On remand, the trial court, at the request of the State, entered an order dismissing the criminal charges against Beavers without prejudice.

{¶ 5} In May 2015, Beavers filed a civil action to be declared a wrongfully imprisoned individual under R.C. 2743.48. The State moved for summary judgment, arguing that Beavers could not satisfy the fourth or fifth requirements in R.C. 2743.48(A). The trial court held a bench trial on whether Beavers could satisfy the fourth and fifth statutory requirements. Beavers testified and presented four additional witnesses. The State presented the testimony of a patrol officer. The parties also provided transcripts of six additional witnesses who had previously testified during Beavers's criminal case. Applying the version of R.C. 2743.48 then in effect, the trial court found that Beavers had satisfied all statutory conditions and qualified as a wrongfully imprisoned individual. The State filed a timely appeal from the trial court's judgment.

{¶ 6} On appeal, we reversed the trial court's judgment because criminal proceedings could still legally be brought against Beavers, which precluded him from satisfying the fourth statutory element of a wrongful imprisonment claim. *Beavers*, 2019-Ohio-3587 (2d Dist.). We did not address whether Beavers satisfied the fifth statutory requirement. *Id.* at ¶ 30.

{¶ 7} Beavers filed his second declaratory judgment action on September 16, 2021, again seeking a declaration that he was a wrongfully imprisoned individual. In cross-motions for summary judgment, the parties agreed that Beavers satisfied the first four requirements of R.C. 2743.48(A). The trial court granted summary judgment to Beavers and against the State, concluding that Beavers had satisfied the "error in procedure" and "actual innocence" provisions of the fifth statutory requirement. The court declared Beavers a wrongfully imprisoned individual. The State appealed from the trial court's judgment.

3

**{¶ 8}** We reversed the trial court's judgment because the trial court had improperly determined the witnesses' credibility at the summary judgment stage. *Beavers v. State*, 2023-Ohio-1310, ¶ 26-27 (2d Dist.). We remanded the cause for further proceedings consistent with our opinion.

**{¶ 9}** On remand, the State filed a second motion for summary judgment. The State argued that Beavers failed to establish his actual innocence by a preponderance of the evidence. The trial court granted summary judgment to the State based on the reasons set forth in the State's motion. Beavers timely appealed from the trial court's judgment.

II. **The Trial Court Erred by Determining Witness Credibility at the Summary Judgment Stage**

**{¶ 10}** Beavers's sole assignment of error states:

> The trial court erred when granting the State summary judgment.

**{¶ 11}** Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998), citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 678 (1995), paragraph three of the syllabus. We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2013-Ohio-2767, ¶ 42 (2d Dist.). De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2015-Ohio-4297, ¶ 8 (2d Dist.), citing *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist. 1997).

4

**{¶ 12}** In our most recent decision relating to Beavers's wrongful imprisonment claim, we made it clear that *neither* party was entitled to summary judgment. We explained, in part:

> Upon review of the record, including all the transcripts provided by the parties, we conclude that neither party was entitled to summary judgment. First, we note that the trial court appeared to approach the matter as if it had been asked to conduct a bench trial on submitted evidence. There is no indication that the trial court construed the evidence in the light most favorable to the respective non-moving party when considering the cross-motions for summary judgment.

> Upon construing the evidence in the light most favorable to the non-moving party, we conclude that genuine issues of material fact rendered summary judgment to either party improper. The evidence submitted by Beavers, when construed in his favor, supported a conclusion that he did not commit the offenses of which he was convicted. Accordingly, the trial court properly denied the State's motion for summary judgment. However, the State also presented evidence that supported Beavers's conviction and undermined the credibility of his witnesses. Because the trial court could not properly decide the witnesses' credibility on summary judgment, the trial court erred in making credibility determinations and finding that Beavers was actually innocent. Summary judgment in Beavers's favor also was inappropriate.

*Beavers,* 2023-Ohio-1310, at ¶ 26-27 (2d Dist.).

**{¶ 13}** Nevertheless, on remand, the State filed a second motion for summary judgment. The State argued, in pertinent part:

> In this case Reubin Beavers was able to avoid criminal liability. However, no evidence he presented was able to prove by a preponderance of the evidence that [he] is innocent of felonious assault or discharging a firearm into a habitation. The addition of one questionable witness, who was discredited by Plaintiff's own expert, does not prove actual innocence. Therefore, Reubin Beavers cannot be declared wrongfully imprisoned.

Motion for Summary Judgment (March 30, 2022), p. 14. The State spent its motion summarizing the evidence and presenting its position as to why some testimony was more credible than other testimony.

**{¶ 14}** In granting summary judgment to the State, the trial court adopted "the reasons set forth in Defendant's brief." The trial court gave no other explanation for its decision. The reasons provided by the State in its motion were based on weighing of the credibility of the witnesses. "Resolving issues of credibility or reconciling ambiguities and conflicts in witness' testimony is outside the province of a summary judgment hearing." *Napier v. Brown*, 24 Ohio App.3d 12, 13-14 (2d Dist. 1985), citing *Duke v. Sanymetal Products Co.*, 31 Ohio App.2d 78, 83 (8th Dist. 1972). The trial court once again erred in making credibility determinations at the summary judgment stage. As we explained in our previous decision, *neither* party is entitled to summary judgment on the wrongful imprisonment claim.

**{¶ 15}** Beavers's assignment of error is sustained. On remand, the trial court should proceed to a trial.

6

### III.      Conclusion

{¶ 16} Having sustained the assignment of error, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.